MAYOR AND ALDERMEN OF FITCHBURG vs. FITCHBURG
RAILROAD COMPANY & others.

Worcester.   December 4, 1901. — February 28, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Superior Court.   Damages.   Grade Crossing.   Review.*

The Superior Court has power to vacate a decree confirming a report of commissioners appointed under St. 1890, c. 428, relating to the abolition of grade crossings, for the purpose of allowing the commissioners to correct a clerical error. The proceedings in this case, upon a petition to intervene, had all the essential features of a bill of review and, all parties in the original case consenting, the question of form was not raised.   *Whether* and to what extent the rights of one whose land abutted upon a discontinued portion of the highway as at first erroneously described but not upon the discontinued portion as described in the corrected report had been affected was not considered.

PETITION of certain landowners in Fitchburg to be allowed to intervene and become parties in six cases of *Fitchburg v. Fitchburg Railroad Company*, relating to the abolition of a certain grade crossing in that city under St. 1890, c. 428, and praying that all proceedings in those cases since January 10, 1901, be declared null and void, and be vacated, filed April 18, 1901.

The cases came on to be heard before *Gaskill, J.*, on an oral motion to confirm the commissioners' modification and correction of the. decision of the commission as to Water Street, Putnam Street and Laurel Street crossings, and upon the petition of Susan C. Dickinson and others, in relation thereto.   The judge allowed the petition of Susan C. Dickinson and others, to the extent of permitting them to be heard in objection to the confirmation of the report of the commissioners, and ordered the report confirmed.   The petitioners, Dickinson and others, appealed.   At the request of the petitioners, the judge reported the questions raised upon the motion, petition and appeal for the determination of this court, such decrees and orders to be made in the premises as law and equity might require.

*J. R. Thayer & A. P. Rugg*, for Susan C. Dickinson and others.

*W. P. Hall*, for the city of Fitchburg.

*G. A. Torrey,* for the Fitchburg Railroad and the Vermont and Massachusetts Railroad.

HAMMOND, J.   About eighteen months after the report of the commissioners was confirmed by a decree of the Superior Court, it was represented to that court that there was a clerical error in the report, and upon motion the court, with the consent of all the parties, vacated the decree and recommitted the report to the commission for the purpose of enabling it to correct the error.   One of the commissioners having died since the filing of the original report, the vacancy was filled by a new appointment. The error was corrected by the commission thus constituted, and the report as thus corrected was returned to the court.   At this stage of the proceedings the appellants, being landowners abutting upon the discontinued portion of Laurel Street as the decree originally read but not upon the discontinued portion as corrected, made their first appearance in the case, and upon their motion they were allowed to be heard in objection to the confirmation of the corrected report.   The presiding judge ordered the report confirmed, and they appealed.   The case is before us on the appeal.

It is to be observed that there was no appeal from the order vacating the original decree and recommitting the report, nor from the order filling the vacancy caused by the death of a member of the original commission.   It must be assumed also that the judge was satisfied that there was a clerical error in the report, or, in other words, that the report did not express the actual decision to which the commissioners had come and which they intended to express and supposed they had expressed.   It was not a case where the commissioners were to have an opportunity to change their decision.   In drafting the report a clerical error had been made, and the sole purpose of vacating the decree was to correct this error so that the report should be in conformity with the truth.

We think that the Superior Court had the power to permit the correction of this error.   Although the language of the statute is that the decree of the court confirming the report of the commission shall be final and binding, yet in the absence of any statutory provision to the contrary, such a decree must be held subject to the usual power of a court of equity to correct or

revise its decrees. If the clerical error were in the decree itself, so that it did not correctly state the action of the court, there can be no doubt that under the general power inherent in every court to amend its records so as to conform to the truth, the court would have had the power to make such correction in such a decree. Whether the report may be said to be a part of the decree affirming it, so that a clerical error in the report may be regarded as such an error in the decree as in some cases the court of its own motion may correct, we need not consider. There can be no doubt of the power of a court in equity to revise a final decree upon a bill of review in a proper case, and such a case would seem to arise where the sole purpose is to correct a clerical error appearing in the report and perpetuated by the decree. It may be said that the only proper way to have such an error corrected is by bill of review. Whether that be the only proper way, as against any party objecting at the time, is not the question before us. This proceeding had all the essential features of a bill of review. All but one of the parties to the original case joined in the application, and that one appeared and waived its right to be heard. The court had jurisdiction of the parties and of the subject matter, namely, the revision of the decree, and there was no appeal taken from its decision as to the way of proceeding. The order vacating the decree and recommitting the report therefore must be regarded as valid.

The error having been corrected by the commissioners so as to conform to what was their original determination, it was within the power of the court to confirm the corrected report. Whether and to what extent the rights of the petitioners have been affected we need not now inquire. Under the circumstances of the case we think that the decree should be

*Affirmed.*