## DAVID H. BLANCHARD *vs.* JASPER F. FERDINAND.

Suffolk. January 13. — March 3, 1882.

After an agreement, signed by the parties, that a case may be entered "neither party" has been entered of record, although no special order of the court is made therefor, a judge has no power at a subsequent term, on the motion of one party, to order that the entry of "neither party" be stricken off, and the case brought forward.

CONTRACT on a poor debtor's recognizance. The bill of exceptions and a copy of the pleadings and docket entries showed the following facts:

At January term 1880 of the Superior Court, judgment was entered for the plaintiff on the defendant's default, and the defendant alleged exceptions, which were allowed. At July term 1880, the exceptions were waived, and the parties to the case signed an agreement that the case should be entered "neither party." This agreement was filed in court and entered of record, but "without any order of court." At January term 1881, namely, on February 23, the plaintiff's attorney filed a motion that the entry of "neither party" be stricken from the docket, and the agreement be stricken from the files of the court, assigning two grounds for his motion : 1st. That there was no order of court for the entry of "neither party ;" and 2d. That the agreement to make this entry was obtained by fraud. The defendant contended, at the hearing upon this motion, that no such motion was admissible, and that the court had no power to grant the motion. *Allen*, J. ruled otherwise, ordered the entry of "neither party" to be stricken off and the action brought forward; and the defendant alleged exceptions.

*E. M. Bigelow*, for the defendant.

*C. F. Loring*, for the plaintiff.

LORD, J. The question before us is whether the Superior Court had the power to order the entry of "neither party" to be stricken from the record, and the action brought forward. How the parties were before the court on February 23, 1881, does not appear. Whether the defendant appeared voluntarily, or upon mere notice by the adverse party, or whether a petition had been presented to the court that he be summoned into court to meet such motion, does not appear; and we are therefore bound to assume that he was properly in court, and upon due proceedings and process, if in any mode he could be called upon at that time to answer such motion. ,

We know no way by which the defendant could be compelled to appear to answer such motion. That the court may alter its records to conform to the truth, at any time when the parties to be affected by such alteration are properly before it, cannot be denied. But when parties at some previous term have been before it, and their rights in such previous suit have been settled, there is no power in the court so to change its record of a

previous suit which had been disposed of, in such manner as to change the rights of the litigants.

The phrase in the bill of exceptions, " without any order of court," is to be construed as meaning without a special order for that purpose, and not as meaning without authority from the court, or sanction by it. Formerly, when it was the custom to call the docket at the commencement of each term of the court in each county, in the larger counties hundreds of entries of this kind were made without any special order of the court. When an action was called, one or the other of the attorneys would answer " trial," " continue," " neither party," "default," " nonsuit," or make some other disposition of the case, which the clerk would enter upon the docket, and upon which no special order was made by the court except when the parties disagreed. A custom, almost universal, prevails of entering " N. P." or " neither party," when such is the agreement. Formerly, however, this entry was rarely used; but the entry was " nonsuit " and " default," and that is now frequently used where the parties are not in court and there is no agreement as to the entry. Both parties are called, and neither appearing, the entry of "neither party " upon the record is the appropriate final disposition of the action. When, at the close of the term, the clerk records the order that all actions not disposed of be continued, and that judgment be entered as of the last day of the term upon all nonsuits, defaults, verdicts, reports accepted, &c., unless judgment has been entered on some previous day of the term, such order is probably never formally made by the court, but is made in the course of duty of the clerk under the sanction, and in law with the authority, of the court.

At a previous term of the court, such general order had disposed of this action. The plaintiff had signed the agreement and delivered it to the defendant for the very purpose of having him file it in the case. He knew he was signing an agreement which disposed of the case; he intended to sign such an agreement, he intended it should be filed, and it was filed at such time and in such mode as authorized the clerk in the due performance of his duties to make it matter of record, and dismiss the case from the docket.

What is the claim of the plaintiff? Not that he did not

make such agreement, not that he did not intend it should be entered of record, but that he has since learned that he was fraudulently prevailed upon to make it. This agreement having been made, and its validity contested, and the revocation of that agreement affecting the rights of the other party, it cannot after its execution be revoked by a judge, upon motion.

We see no difference between an executed agreement of this kind to dispose of an action, and an agreement of any other kind; such as either the payment, or promise of payment, of money. We say executed agreement; an executory agreement to dispose of an action may undoubtedly, during the same term of the court at which it is made, be shown to the court to be of such a character that the court will not, by its own action, order or decree, enforce it. If the plaintiff claims to have been defrauded by being induced to sign an agreement, and has thereby lost any valuable thing, he has his right to bring an action for the fraud, and the defendant has a right to have that question of fraud tried by a jury.

The entry in this case being made at July term 1880, the motion to strike off the entry and bring forward the action was made at the second term after the entry was made.

The St. of 1875, c. 33, has no application whatever to the voluntary disposition of an action. If it is contended that, to avoid circuity of process, this motion should have been entertained, in analogy to proceedings under that statute, it certainly could not be entertained as a mere motion, but it must have been by petition, by citation of the party, and by requiring of the petitioner indemnification, in case he failed to support his petition.

We therefore think that the judge erred in sustaining the motion to strike off the entry and bring the action forward.

*Exceptions sustained.*