W. G. MEANS *vs.* F. H. HOAR and Trustees.

Kennebec. Opinion May 5, 1913.

*Agreement. Cause of Action. Default. Exceptions. Instructions. Neither Party. Nonsuit. Question of Fact. Settlement. Surety.*

In an action of assumpsit to recover the sum of $112.50 the amount paid by the plaintiff as surety for the defendant, the defendant pleaded that the subject matter of the plaintiff's action had been settled by an entry of "Neither party, no further action for the same cause" in cross-actions between the same parties.

*Held:*

1. That the effect of the entry of "neither party" is that neither party appears further in the action, so that no judgment can be rendered by the court; and it does not bar the maintenance of another action for the same cause.

2. That when the words "no further action for the same cause" are added, the plaintiff's right of further action is barred, not because any judgment of the court follows, but because the plaintiff has entered into an agreement that he will bring no further suit, and he is bound by his agreement.

3. That this agreement, however, extinguishes only the plaintiff's cause of action, and not the defendant's, on the items which were inserted in the plaintiff's account as credits. The defendant thereby surrenders no cause of action against the plaintiff.

4. That if there was a settlement in fact made between the parties of all matters in controversy, including the $225 note, and this docket entry was in pursuance of that agreement, that question should have been submitted to the jury.

On motion and exceptions by plaintiff. Motion not considered. Exceptions sustained. New trial granted.

This is an action of assumpsit to recover of the defendant one hundred and twelve dollars and fifty cents, paid by the plaintiff as surety for the defendant. The plaintiff and another person had signed, as sureties, a promissory note for the defendant for two hundred and twenty-five dollars, which was paid at maturity by the plaintiff, and one-half thereof, or one hundred and twelve dollars and fifty cents was paid the plaintiff by his co-surety. This action is brought to recover of the defendant one-half of said note, and was entered and tried in the Superior Court for Kennebec County.

The plaintiff in this action also held another note for $30 against the defendant and brought an action against him on said note in said Superior Court. The defendant thereafter brought an action against the plaintiff for $315 for services and board, and in his account annexed gave the plaintiff in this action credit for the $30 note on which Means had brought action against him and for the $225 which had been paid by Means as surety, one-half of which is sued for in the case at bar. At the June term, 1911, of the Superior Court for Kennebec County, the action of Means against Hoar on the $30 note was entered "neither party" and at the same term and time the action of *Hoar* v. *Means* for $315 was also

entered "neither party; no further action for the same cause." The action at bar was commenced July 10, 1911. The defendant pleaded the general issue and by brief statement claimed that the subject matter of the plaintiff's action was settled by an entry in the cross-actions between the same parties, at a previous term of the same court. The plaintiff excepted to certain instructions and to refusal to instruct by the Justice presiding. The jury returned a verdict for the defendant and plaintiff filed exceptions and a general motion for a new trial.

The case is stated in the opinion.

*W. C. Philbrook, and C. W. Hussey,* for plaintiff.

*F. W. Clair,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

CORNISH, J. This action is brought to recover the sum of one hundred twelve dollars and fifty cents, the amount paid by the plaintiff as surety for the defendant.

The plaintiff and another person had signed, as sureties for the defendant, a promissory note for two hundred twenty-five dollars. At maturity, the plaintiff paid the note, was re-imbursed for one-half by his co-survey, and now brings this suit to recover the balance from the defendant, the maker.

The defendant pleads the general issue, and by way of brief statement claims that "the subject matter of the plaintiff's action was settled by an entry in cross-actions between the same parties" at a previous term of the same court.

In substantiation of this claim, it appeared that the plaintiff Means had brought a previous suit against the defendant Hoar on a promissory note for thirty dollars; whereupon Hoar brought a cross-action against Means to recover the sum of three hundred fifteen dollars for services rendered and board furnished to Means, and in his account annexed in that suit entered, as items of credit, the thirty dollar note given by him to Means and the note for two hundred and twenty-five dollars which had been paid by Means as surety, and to collect one-half of which the case at bar was brought. Both actions were entered at the June term, 1911, of the Superior

Court and at that term the action of *Means* v. *Hoar* on the thirty-dollar note was entered "neither party" and that of *Hoar* v. *Means* for the three hundred fifteen dollar account, less credits, was entered "neither party; no further action for the same cause." It is agreed, however, that the full entry of "neither party; no further action for the same cause," should have been made in both cases; and no point is raised as to the difference in the effect of the two entries.

The question to be decided in the case at bar is the legal effect of that entry of "neither party; no further action for the same cause" in the $315 suit of *Hoar* v. *Means* (in which Means was given credit for the $225 note) upon the right of Means to maintain this subsequent suit against Hoar based on that same note. Were Means' rights extinguished thereby?

The only question of fact submitted by the presiding Judge to the jury was whether sufficient authority was given to make the entry, and the jury were instructed that if such authority was given and the entry was authoritatively made, then that entry was a bar to the maintenance of the present action. Counsel for Means requested an instruction to the effect that "by agreeing to the entry, 'neither party; no further action for the same cause,' the defendant in the former action, that is Mr. Means, surrendered no cause of action against the plaintiff, Mr. Hoar. This instruction was refused, and the case is before this court on exceptions to the instructions given and to the refusal to give the instructions requested; and also upon a general motion for new trial. But it is necessary to consider the exceptions alone.

The claim of Mr. Hoar in the present suit is, briefly stated, thus:

If A brings suit against B on an account annexed and in his declaration gives B credit for a certain sum which he admits he owes B, and then the entry is made "neither party; no further action for the same cause," not only A's claim against B, but also B's admitted claim against A, is extinguished.

We cannot accede to this contention.

The effect of the entry "neither party" alone is a dismissal of the action, neither party recovering costs of the other. Strictly speaking, it is an abbreviated averment of the fact that, on being called,

neither party appeared to answer; that is, that the plaintiff was non-suited and the defendant was defaulted, so that neither party could have a judgment for costs. *Coburn* v. *Whitely,* 8 Met., 272.

In earlier practice in Massachusetts, "neither party" was rarely used; but the docket entry was "non-suit" and "default," which more accurately described the situation. *Blanchard* v. *Ferdinand,* 132 Mass., 389. Such an entry, however, does not of itself bar the maintenance of another action for the same cause, because it is no evidence of the settlement of all matters involved in the action. It simply means that neither party appears further; therefore, no judgment can be rendered by the court. *Marsh* v. *Hammond,* 11 Allen, 484.

Such an entry, however, does not of itself bar the maintenance of another action for the same cause, because it is no evidence of the settlement of all matters involved in the action. It simply means that neither party appears further; therefore, no judgment can be rendered by the court. *Marsh* v. *Hammond,* 11 Allen, 484.

When, however, the words "no further action for the same cause" are added, as in the case at bar, the plaintiff's right of further action is barred, not because any judgment of the court follows, but because the plaintiff has entered into an agreement that he will bring no further suit; and he is bound by his agreement. *Blanchard* v. *Ferdinand,* supra; *Berry* v. *Somerset Ry.,* 89 Maine, 552.

The agreement, however, extinguishes only the plaintiff's cause of action. He is the only party who has a cause of action in court. He has brought his suit, and agreed to have it dismissed, and not to bring another. The mere fact that in his account annexed to the writ, he has seen fit to insert certain credits to be given the defendant, in no way converts the action into one brought by the defendant against him to recover those credits, with the result that those credits are extinguished as well as the charges, and the defendant's right to bring a subsequent action for those items due him is barred along the plaintiff's. If so, it might be an easy matter for a designing party to avoid the payment of his just debts by bringing a groundless suit against his debtor, give credit for what he actually owes the defendant, enter the case "neither party; no

further action for same cause," and leave the defendant without a remedy.

Such an unjust result is the logical conclusion of the contention.

In *Glendon* v. *Hovey,* 98 Maine, 139, it was held that bringing an action for abuse of legal process was not precluded by the entry of "neither party; no further action for same cause" in the original suit in which the present plaintiff, then defendant, was arrested. That was not precisely this case, but in the course of the opinion, the court stated the legal effect of the entry to be as follows:

"The entry of 'neither party; no further action, same cause,' means that by agreement neither party further appears in court in that suit, and it also involves a stipulation that the plaintiff shall maintain no further action for the same cause. The plaintiff's cause of action is extinguished. The suit is ended, and ended as favorably to the defendant as it would be by judgment in his favor, except that he consents to go out of court without costs. But by agreeing to the entry, the defendant surrenders no cause of action against the plaintiff. He does not agree that no action shall be maintained on his part, for any cause he may have, whether it grew out of the original action, or otherwise."

This, in our opinion, is an accurate statement of the law. The instructions to the jury, in the case at bar, were in conflict with these principles, and were prejudicial to the legal rights of the plaintiff in this action.

It should perhaps be added that if there was a settlement in fact, made between the parties, of all matters in controversy, including the $225 note, and this entry was in pursuance of that agreement, that question should have been submitted to the jury. But it was not. The only question which they were asked to pass upon was whether this entry was made by persons having authority so to make it; and if so, the court instructed the jury that the entry itself precluded the present action. This was prejudicial error.

*Exceptions sustained.*
*New trial granted.*