JULIET F. WHITE *vs.* BEVERLY BUILDING ASSOCIATION.

Essex. January 21, 22, 1915. — April 3, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Joint Tortfeasors. Neither Party. Practice, Civil,* Entry of "neither party." *Pleading, Civil,* Variance. *Accord and Satisfaction. Negligence,* Of one owning or controlling real estate.

A mere entry, by agreement of the parties in an action of tort against one of two joint tortfeasors, of "Neither Party, no further suit to be brought for the same cause of action" is not an adjudication of the case nor a release and discharge of the defendant and does not operate to discharge the other joint tortfeasor from liability.

Evidence, that the plaintiff in an action of tort against one of two joint tortfeasors agreed to an entry in the action of "neither party" and that no further action should be brought for the same cause, upon the promise of an insurance company which had insured the defendant against the liability that it would pay to him $250, and that no part of that amount had been paid, will not warrant a finding of an accord and satisfaction that will bar an action by the plaintiff against the other joint tortfeasor.

An accord between a plaintiff and one of two joint tortfeasors, without satisfaction, is not a bar to an action against the other joint tortfeasor.

Where, in an action against the owner of a building by an employee of a tenant on the fourth floor of the building for personal injuries caused by the plaintiff falling down a flight of steps in a stairway used in common by all the tenants in the

building, there was no evidence that there was any way of passing to and from the fourth floor other than these stairs, and there was evidence tending to show that the plaintiff had worked for her employer for more than two years, that when the plaintiff fell the stairway was somewhat dark, that she fell because, when she took hold of a hand rail maintained there by the defendant, it came out of the bracket which held it in place and did not support the plaintiff as she supposed it would, and that the coming out of the bracket was due to a defective condition into which it had been allowed to fall by the defendant since the beginning of the term of the lease to the plaintiff's employer, findings are warranted that the plaintiff was in the exercise of due care and that the defendant was negligent.

Where the declaration in an action of tort for personal injuries suffered by the plaintiff falling down a flight of stairs in a common stairway in a building controlled by the defendant alleges that the cause of the plaintiff's injuries was negligence of the defendant "in allowing and maintaining said halls, landings, and stairways to be in such unsafe and dangerous condition, and so dark and insufficiently lighted," and the trial judge rules that the defendant owed the plaintiff no duty to light the stairway, so that there could be no recovery on that ground, it is not a variance for the plaintiff to rely solely on evidence tending to show that the fall was due to the defective condition of the hand railing of the stairway.

TORT for personal injuries caused by falling down a flight· of stairs in a building owned by the defendant. The declaration was in two counts, which are described in the opinion. Writ dated August 3, 1909.

In the Superior Court the case was tried before *Hardy,* J. The material evidence is described in the opinion. At the close of the evidence, the defendant asked the judge to rule as to each count of the declaration that on all of the evidence the plaintiff could not recover on that count, and to give the following rulings:

"3. Upon all the evidence, the plaintiff was not in the exercise of due care.

"4. Upon all the evidence the defendant was not negligent."

"9. There is no sufficient evidence that the alleged injury was due to a defect or want of repair of a rail resulting from any negligence for which the defendant was liable."

"13. Upon all the evidence the settlement of the plaintiff's suit against the Blake-Allen Company, alleged to be for the same cause of action as the suit against this defendant, and the entry of an agreement for 'neither party' and the judgment thereon is a bar to this action against this defendant."

The rulings were refused. There was a verdict for the plaintiff in the sum of $1,350; and the defendant alleged exceptions.

*E. S. Abbott*, for the defendant.

*H. R. Mayo*, for the plaintiff.

CROSBY, J. The plaintiff was injured by falling down a flight of stairs in a four-story building owned by the defendant and leased by it to various tenants. She was employed by the Blake-Allen Company, one of the defendant's tenants, who occupied the fourth or top floor of the building.

1. The plaintiff brought an action against her employer, the Blake-Allen Company, to recover for the injuries so received by her, and subsequently brought this action against this defendant to recover for the same injuries.

While both actions were pending in the Superior Court an agreement for the following entry in the case against the Blake-Allen Company was made: "Neither party, no further suit to be brought for the same cause of action." This agreement was duly signed by the counsel for the plaintiff and for the defendant, and filed in court. Upon the outside of the agreement was indorsed: "Agreement for Judgment."

Notwithstanding the indorsement the agreement must be construed in accordance with its terms; plainly it was not an agreement for judgment and cannot be so considered. It is what it purports to be, — an agreement for the entry of "Neither party," with the additional agreement that no further suit is to be brought for the same cause of action.

The defendant earnestly contends that this agreement is a bar to the present action on the ground that the defendant and the Blake-Allen Company were joint tortfeasors; that the Blake-Allen Company was released and that such release operated to discharge this defendant. If we assume, without deciding, that the Blake-Allen Company and the defendant were concurrent or joint tortfeasors, still the entry of the agreement did not operate to discharge the defendant. The entry of "Neither party" in an action does not indicate that the cause has been adjudicated; it means nothing more than that neither party appears to prosecute or defend the action, and is equivalent to a non-suit and default by consent of the parties, after which no judgment can be rendered by the court. It amounts to an abandonment of the action; it is not a judgment and is no bar to a future action. *Marsh* v. *Hammond*, 11 Allen, 483.

The defendant relies upon the language of Lord, J., in *Blanchard* v. *Ferdinand,* 132 Mass. 389. He there said (p. 391): "The entry of 'neither party' upon the record is the appropriate final disposition of the action." In that case it was held that a judge at a subsequent term had no power to order the entry of "Neither party" stricken off and the case brought forward. While such an entry is a final disposition of the case, it is not a bar to a subsequent action to recover upon the same cause of action. *Marsh* v. *Hammond, supra.*

Nor can the agreement be construed as a release. It merely amounts to an agreement not to sue again for the same cause of action. The distinction between an agreement not to sue and a release of one of two or more joint tortfeasors is clearly pointed out in *Matheson* v. *O'Kane,* 211 Mass. 91.

The action is not barred upon the ground of accord and satisfaction. The only evidence relative to the disposition of the case against the Blake-Allen Company was the testimony of the plaintiff, and the statement in open court of her counsel that he had agreed to the entry in that case upon the promise of the representative of an insurance company (which had insured the Blake-Allen Company), to pay $250. He further stated that no part of the amount agreed upon in settlement ever had been paid, and there was no evidence of such payment. Under these circumstances it could not be found that there had been an accord and satisfaction. An accord without satisfaction is no defence to an action. *Herrmann* v. *Orcutt,* 152 Mass. 405. *New York, New Haven, & Hartford Railroad* v. *Martin,* 158 Mass. 313, 315. *Anglo-American Land, Mortgage & Agency Co.* v. *Dyer,* 181 Mass. 593, 598. *Prest* v. *Cole,* 183 Mass. 283.

At common law even a judgment against one tortfeasor without satisfaction is not a bar as against other joint wrongdoers who are sued separately. *Cameron* v. *Kanrich,* 201 Mass. 451.

It follows that the writ, pleadings and agreement in the action of the plaintiff against the Blake-Allen Company were inadmissible and the exception to the exclusion of this evidence cannot be sustained. For the same reason the defendant's thirteenth request could not have been given.

2. The plaintiff testified, in substance, that as she came down the stairs she took hold of the hand rail on the left side of the

stairway, and that as she did so the rail came out of the bracket which held it in place and she fell to the foot of the stairs. There was evidence that this was a common stairway, used by the different tenants of the defendant, and was in its control; and that the plaintiff had worked for the Blake-Allen Company in the same place for more than two years before the accident. There was no evidence to show that during this time there was any other way of passing to and from the fourth floor of the building. There was evidence to show that at the time the plaintiff fell the stairway was somewhat dark. Plainly it could not be ruled as matter of law that the plaintiff was not in the exercise of due care; that question was for the jury. *Fitzsimmons* v. *Hale,* 220 Mass. 461. *Ward* v. *Blouin,* 210 Mass. 140. *Faxon* v. *Butler,* 206 Mass. 500. *Andrews* v. *Williamson,* 193 Mass. 92. *Wilcox* v. *Zane,* 167 Mass. 302. *Mahoney* v. *Dore,* 155 Mass. 513.

3. The defendant owed to its tenant, the Blake-Allen Company, as to the common stairway in the control of and maintained by it (the defendant), the duty to see that this stairway was kept in as good repair as it appeared to be in when the tenancy began; but the defendant's obligation to the plaintiff as to the condition of the stairway was not greater than to the tenant in whose right the plaintiff was using it at the time of the accident. *Domenicis* v. *Fleisher,* 195 Mass. 281. There was evidence which would have warranted a finding that the hand rail had been allowed to become defective, that when the plaintiff took hold of it it gave way and caused her to fall to the bottom of the stairs; this would warrant a finding of negligence on the part of the defendant, for the consequences of which it would be responsible. *Fitzsimmons* v. *Hale,* 220 Mass. 461. *Domenicis* v. *Fleisher, supra.*

4. We are of opinion that there was not a variance between the allegations and the proof. Both counts of the declaration contain an allegation, in substance, that the plaintiff was injured by reason of the defendant's negligence "in allowing and maintaining said halls, landings, and stairways to be in such unsafe and dangerous condition, and so dark and insufficiently lighted"; and although the presiding judge ruled that the defendant owed the plaintiff no duty to light the stairways and that the plaintiff could not recover upon that ground, still we are of opinion that upon the allegation

that the stairways were negligently maintained in an unsafe and dangerous condition, the plaintiff could prove that the hand rail was in an unsafe and defective condition, by reason of which she was injured.

For the reasons already stated, the defendant's first, second, third, fourth and ninth requests could not be given.

We are of opinion that the case was properly submitted to the jury, and that the entry must be

*Exceptions overruled.*