MICHELE GRAZIANO vs. EDWARD A. ALBERGO.

Suffolk.   November 7, 1951. — January 7, 1952.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Practice, Civil,* Neither party.

An action terminated by an entry of neither party pursuant to a settle-
ment of the claim stated in the declaration could not be revived in
order to permit an assignee of another claim of the plaintiff against the
defendant to assert the other claim in the plaintiff's name.

TORT.   Writ in the East Boston District Court dated
March 25, 1949.

Certain motions described in the opinion were heard by
*Loschi,* J.

*F. M. Lewis,* for the plaintiff.

*D. A. Canning,* for the defendant.

LUMMUS, J.   The plaintiff, having a cause of action in
tort against the defendant for personal injury and property
damage, assigned his claim for property damage to his
insurance company.   Then he brought an action against
the defendant in the District Court of East Boston for the
personal injury, which was settled by a release of the claim
for personal injury only and an agreement for neither party,
no further suit to be brought for the same cause of action.

In ignorance of that action, the insurance company sued
in the Boston Municipal Court for the property damage,
in the name of the plaintiff.   The defendant pleaded res
judicata by reason of the result of the action in East Boston.
The plaintiff, by the insurer, then discontinued his action
in the Boston Municipal Court, and moved to amend his
declaration in East Boston by including a claim for property
damage, and to vacate the settlement there made.   The
judge denied the motions on the ground that the action

was already ended. The Appellate Division dismissed a report, and the plaintiff appealed to this court.

The entry of neither party was equivalent to a nonsuit, or an abandonment of the action, after which the case was no longer pending and no judgment could be rendered in it. *Marsh* v. *Hammond,* 11 Allen, 483, 484. *Blanchard* v. *Ferdinand,* 132 Mass. 389. *White* v. *Beverly Building Association,* 221 Mass. 15, 17. *Shapiro* v. *Lyon,* 254 Mass. 110, 117. *Whalen* v. *Worcester Electric Light Co.* 307 Mass. 169, 172. What the insurer, in the name of the plaintiff, sought to do was to revive the action in East Boston that had been terminated by the entry of neither party. That could not be done. The judge and the Appellate Division were right.

*Order dismissing report affirmed.*