DANIEL H. BARNES & others, petitioners, *vs.* TIMOTHY H. SMITH.

After a defendant has taken judgment and execution for costs in an action in the superior court, the court has no jurisdiction, on his petition, even with the assent of the plaintiff, to bring forward the action upon the docket to a subsequent term, and permit him to return the execution and obtain a new taxation of his costs and another execution for them as taxed anew; and such a petition is an independent proceeding in which the respondent is the prevailing party, and costs may be allowed to him therein under the Gen. Sts. *c.* 156, § 16, in the discretion of the court, which is not subject to exceptions.

PETITION to the superior court, by Daniel H. Barnes, Daniel Green, and Henry E. Howe, for a revision of the taxation of their costs in three actions of tort, brought against them sev·· erally, in that court, by the respondent, for trespass on his close. The actions were tried together, without a jury, before *Ames*, C. J., who gave judgment for these petitioners, and the respondent alleged exceptions, which were overruled, as reported 101 Mass. 275. The petitioners then took out executions for their costs, at April term 1869; and at July term 1869 they united in this petition for the actions to be brought forward from the docket of the April term, and for leave to return and cancel their executions, and obtain a new taxation of costs in respect to the travel and attendance of their witnesses, and new executions for their costs thus revised. Their prayer was granted by *Brigham*, C. J., after notice to the plaintiff; and the new taxation of costs was affirmed by the court on appeal from the clerk, whereupon the respondent appealed to this court. The other material facts are stated in the opinion.

*T. Weston, Jr., & W. P. Harding*, for the petitioners.

*G. W. Searle*, (*A. Wellington* with him,) for the respondent.

COLT, J. Judgments were recovered by the petitioners in three several actions, brought against them by the respondent, in the superior court. Costs were taxed in their favor by the clerk, and executions therefor duly issued. It is now alleged that the certificates upon which the taxation was based erroneously stated the travel and attendance of the witnesses; and the petitioners join in asking the superior court to have these cases

brought forward from the docket of a previous term, in order that the executions to be returned by them may be cancelled, and the witnesses' costs again taxed. This petition, after notice to the respondent, was allowed by the superior court, and the taxation of costs for witnesses ordered to be revised, upon due notice to the respondent and his attorney. A new taxation was made by the clerk, which was affirmed by that court, and the respondent appeals.

We cannot find anything to justify this proceeding, either in the sections of the practice act to which we are referred, Gen. Sts. *c.* 129, §§ 34, 42, or in that power which is incident to all courts of record, to correct the mistakes of its recording officers, so as to have the record conform to the actual facts of the case. *Balch* v. *Shaw*, 7 Cush. 282. The statute relates to amendments of the record or proceedings in matter of form, where it is in affirmance of the judgment. Here it is sought to correct, not a matter of form, but of substance; not in affirmation, but in alteration of it. Nor is this a matter of correcting the record at all. It is rather an application for a rehearing of a case upon new evidence, in which final judgment has been rendered, and an execution issued, making a new record altogether. In this respect, a judgment for costs must stand upon the same footing as a judgment for damages. It is convenient that the evidence upon which it is taxed should in the first instance be presented to the clerk. If there is no appeal from his decision, the taxation is final, and cannot be changed even by a writ of error. *Jacobs* v. *Potter*, 8 Cush. 236. *Day* v. *Berkshire Woollen Co.* 1 Gray, 420. The petitioners have had a day in court, and the judgment of the court is final. It has passed beyond its control to alter or amend the judgment upon a mere petition which does not ask the exercise of that power to grant a review which the statute gives.

It is said that the appearance of the respondent before the clerk, and the production of witnesses by him, was equivalent to consent on his part to the cancelling of the executions and to the new taxation. But the new taxation was by order of the court, and his appeal was properly taken upon its affirmation

And 1 sides, his consent cannot give to the court jurisdiction over a ubject matter where it had none before.

*Petition dismissed.*

After this decision, the respondent applied to the clerk to tax his costs in the, matter of the petition, and contended that he was entitled to separate costs against the several petitioners. The clerk taxed in his favor but one bill of costs ; and both parties appealed to the court, — the petitioners because the clerk allowed any costs, the respondent because he declined to allow costs against them severally. At the hearing, the petitioners, as tending to show that costs should not be allowed in this proceeding, offered to prove that the respondent assented to the revision of costs in the original actions, in vacation, before the justice who granted the revision ; but the evidence was excluded, the clerk's taxation was affirmed, and the petitioners alleged exceptions, which were argued in March 1871.

*T. Weston, Jr., & C. Abbott,* for the petitioners.

*A. Wellington,* for the respondent.

COLT, J. The exceptions in this case are in the nature of an appeal by the petitioners from the judgment of the superior court affirming the taxation of costs by the clerk in favor of the respondent. The petitioners, who were the several defendants in three actions brought against them separately by the respondent, after there had been several judgments for costs in their favor, and executions had issued in each case, asked to have the cases brought forward, the executions returned and cancelled, and the costs again taxed, on account of some error or omission in the original taxation. The petition was at first allowed by the superior court, and a revision of the taxation ordered upon notice. The respondent appeared and objected, and upon his appeal to this court it was held that the superior court had no power under this petition, after judgment and execution issued, to correct the taxation. The petition was thereupon dismissed, and the respondent applied for his costs in this proceeding. The clerk accordingly taxed one bill of costs, and on appeal his taxation was sustained by the superior court.

We see no error in this. The defendant appeared in court in answer to a notice issued upon a petition which was entered in court and took its place upon the docket as an independent proceeding. He objected to the legality of it, appealed to this court, and ultimately prevailed on the ground that the court below had no authority or jurisdiction in the premises. Want of jurisdiction does not prevent the respondent from recovering costs. The court so far entertained the petition as to hear and determine the question. And the respondent, within the meaning of the statutes, must be regarded as the prevailing party. *Hunt* v. *Hanover*, 8 Met. 343. *Elder* v. *Dwight Manufacturing Co.* 4 Gray, 201, 205.

In civil suits and proceedings in which no provision is expressly made by law, the costs to be allowed are declared to be wholly in the discretion of the court. Gen. Sts. *c.* 156, § 16. In a case very like this, costs were allowed under this provision. *Fales* v. *Stone*, 9 Met. 316, 320. And in *Bond* v. *Fay*, 1 Allen, 212, it was held that no exception lies to the exercise of this discretion by the court in which the proceeding is pending. See also *Chase* v. *Blackstone Canal Co.* 10 Pick. 244, 246.

The evidence that the defendant assented to a revision of the original taxation, before a justice of the superior court in vacation, was properly excluded. Jurisdiction could not have been conferred by such assent; and the effect of the evidence was to contradict the record. *Exceptions overruled.*