## JOHN S. WOOD *vs.* FRANK PAYEA.

Hampshire.    Sept. 18. — Nov. 5, 1884.    C. ALLEN & COLBURN, JJ.,
absent.

A district court, which, in accordance with the provisions of the statute establishing it, holds weekly terms, has no authority, on motion at one of such terms, to vacate a final judgment duly entered in an action at a previous term.

If a writ issued by a district court is served by a summons which does not state the hour of the day nor the place where the court is to be holden, and the plaintiff obtains a judgment against the defendant on his default, such judgment, until reversed, is a valid judgment, and is conclusive upon the plaintiff.

CONTRACT upon an account annexed for goods sold and delivered. Trial in the Superior Court, upon appeal, before *Rockwell*, J., who ordered the appeal to be dismissed; and the plaintiff alleged exceptions. The facts appear in the opinion.

*A. J. Fargo*, for the plaintiff.

*J. A. Wainwright*, for the defendant.

MORTON, C. J.    The Public Statutes provide that the times of holding terms of the police and district courts for civil business,

when not established by special law, shall be fixed by the justice by general rules. Pub. Sts. *c.* 154, § 23.

The act establishing the District Court of Hampshire provides that the court shall be held "on Monday and Tuesday of each week in the town of Northampton," and at stated times in other towns of the county. St. 1882, *c.* 227.

The statutes thus provide for a weekly term of the court at Northampton. It appears from the record in this case, that the plaintiff brought a writ against the defendant, returnable to the District Court of Hampshire to be holden at Northampton on the tenth day of September, 1883, being the second Monday. The officer's return showed that due service was made on the defendant; he, not appearing, was defaulted; and, on said tenth day of September, judgment was duly entered against him, upon which execution was issued on September 14.

At the term held on September 17, the execution was cancelled, not having been served; and, upon motion of the plaintiff, the justice vacated the judgment, allowed the officer to amend his return, and issued a notice to the defendant to appear at a term to be held on September 24, to defend the suit. The defendant appeared, specially to object to the jurisdiction of the court; but the court overruled his objection, and entered judgment against him, from which he appealed to the Superior Court.

The defect in the original service was that the summons left at the last and usual place of abode of the defendant did not state the hour of the day when, or the place where, the court was to be holden. But, notwithstanding such defect, it is clear that the judgment rendered on September 10 was a valid and binding judgment. The defendant might impeach it by proceedings instituted directly for that purpose, but the plaintiff is concluded by it, and, until it is reversed, it is valid. *Hendrick* v. *Whittemore,* 105 Mass. 23.

It has been repeatedly held that the Superior Court has no authority to vacate a judgment duly entered, on motion, after the term in which such judgment was entered. While it may correct any misprision of the clerk, or other mistake, it cannot vacate a final judgment, entered, without any error or mistake, in accordance with the order of the court. *Mason* v. *Pearson,* 118 Mass. 61, and cases cited.

The rule applies with equal force to police and district courts; and we are therefore of opinion that the District Court of Hampshire had no power, at the term held on September 17, to vacate a final judgment duly entered at the term held on September 10. That judgment still remains in force. All the proceedings after the issue of the execution were *coram non judice*, and void. No action was pending before the court, of which it had jurisdiction. The ruling of the Superior Court to this effect was right, and the entry in that court should be that the action is dismissed.

*Exceptions overruled.*