ADELAIDE PIERCE *vs.* JOSEPH B. LAMPER, executor.

Middlesex.   Nov. 17, 1885. — Jan. 11, 1886.   DEVENS & GARDNER, JJ.,
absent.

An action pending in the Superior Court was dismissed under the fifty-fourth rule
of that court.   On the last day of the term, the general order was passed that
judgment be entered in all cases ripe for judgment.   The clerk made an entry in
the case on the day the action was dismissed, stating that fact, but made no
entry in it under the general order.   *Held,* that the Superior Court had no juris-
diction, upon a petition filed more than a year after the last day of the said
term, to order the case to be brought forward upon the docket.

CONTRACT, against the executor of Otis H. Pierce, in two
counts.   The first count was on a promissory note for $631.75,
dated March 24, 1870, signed by said Pierce, and payable to the
order of the plaintiff one day after date.   The second count was
for $13,000 and interest, for money lent by the plaintiff to said
Pierce on December 2, 1875.   Writ dated July 19, 1880, and
returnable to the Superior Court.

At December term, 1882, of that court, the action was dis-
missed, upon the calling of the docket, under the fifty-fourth
rule.*   On the last day of said December term a general order
for judgment was passed as follows : " That judgment be entered
in all cases ripe for judgment, and that all matters pending and
not passed upon be continued to the next term of this court."
The only record made by the clerk of the Superior Court in this
action was by the following entry on the docket : " December
12, 1882.   Dismissed on call."

On January 14, 1885, the plaintiff filed a motion to restore
the case to the docket, and to bring it forward for further pro-
ceedings.   This motion was supported by an affidavit of the
then counsel for the plaintiff, stating that the case was continued
from term to term on the assurance of the defendant that he
could pay the debt if delay were given, because there was a large

---

* This rule is as follows: " The civil docket, or such part thereof as the
presiding judge shall direct, shall be called at the commencement of the last
term of the court for civil business held for the year in each county; and all
suits which have remained without any action therein during the year may
be dismissed, unless cause is shown to the contrary."

amount of real estate belonging to the testator's estate which could not then be sold to advantage on account of the depressed condition of the market; and that, at the time the action was dismissed, the plaintiff's counsel was prevented by illness from being present.

At the time of the hearing upon this motion the defendant was dead, having died in December, 1883, and Joseph H. Cotton had been, on March 31, 1884, appointed, and then was, administrator *de bonis non*, with the will annexed, of the estate of Otis H. Pierce. Before any action on the motion, the attorney of record for the defendant appeared, but disclaimed any relation to the action, or any desire to be heard in the matter of the motion. *Brigham*, C. J., allowed the motion; and, immediately afterward, the death of the defendant was suggested, and an order was made to summon in the said Cotton as administrator.

Cotton appeared specially, and on January 26, 1885, filed a motion that the action be dismissed, on the ground that, by reason of the dismissal and judgment of December term, 1882, the court had no further jurisdiction of the action. This motion was overruled on February 17, 1885; and Cotton alleged exceptions.

By order of court, an answer was filed, and the case was put on the trial list. Cotton represented the estate of Otis H. Pierce insolvent, and the Probate Court appointed commissioners to receive and pass upon the claims against it.

The case came on for trial, before *Knowlton*, J., without a jury, for the purpose of determining the amount due. The judge found that Otis H. Pierce in his lifetime was indebted to the plaintiff in the amount claimed in her writ. It appeared that, if the plaintiff's claim should be defeated by the statute of limitations, or otherwise, there would be assets which would pass to legatees under the will.

The administrator *de bonis non* asked the judge to rule as follows: "1. The dismissal of this action at December term, 1882, and the general order for judgment passed on the last day of said term, constituted a rendition by the court of a judgment in this case. 2. Said dismissal and said general order for judgment constitute a defence and are a bar to the plaintiff's recovery

against the administrator *de bonis non*.   3. Upon said dismissal and said order for judgment, the legatees under the will of Otis H. Pierce became entitled in law to the funds in the hands of the administrator.    4. The interests of third persons having intervened, judgment cannot be rendered against the administrator, as the funds in his hands belonging to said estate cannot lawfully be applied to the payment thereof.   5. The bringing forward of this cause upon the docket is a revival of said action. 6. The statute bar has closed upon all personal claims against the estate of said Otis H. Pierce.   7. The administrator *de bonis non* cannot be held liable in this action.   8. The dismissal of said action was a final disposition thereof."

The judge was of opinion that all the matters to which these requests related had been considered and passed upon by the justice who made the order restoring the case to the docket, and who overruled the subsequent motion to dismiss it, and that the defendant's rights relating thereto were protected by his bill of exceptions, and ruled that the trial must proceed under said order as if the action had never been dismissed, but had been pending all the time since it was originally entered; and found for the plaintiff in the sum of $14,830.

At the request of the defendant, the judge reported the case to this court for decision of the questions of law involved.   If said ruling was wrong in law, or the finding under it was erroneous, the finding was to be set aside and a new trial ordered; otherwise, judgment to be entered thereon, as a determination of the amount to be allowed by the commissioners.

*H. W. B. Cotton*, for the defendant.

*S. C. Darling*, for the plaintiff.

MORTON, C. J.   At the calling of the docket at the beginning of the December term, 1882, in the Superior Court, this action was dismissed under the fifty-fourth rule of that court.   On the last day of said term the usual general order was passed, " that judgment be entered in all cases ripe for judgment, and that all matters pending and not passed upon be continued to the next term of this court."

Under this order, it was the duty of the clerk to enter judgment in this case according to the order of the court made at the calling of the docket.   Such judgment is deemed in law to

have been entered on the last day of the term, and was a final disposition of the case. During the term the court might have vacated the order dismissing the action; but, after the entry of judgment at the end of the term, the plaintiff's remedy, if any, was by a writ of review, or by a petition to vacate the judgment, which must be filed within a year after the judgment. Pub. Sts. *c.* 187, §§ 16–25.

The Superior Court had no power in this case, upon a petition filed more than a year after the judgment, to vacate the judgment and bring the case forward upon the docket. *Mason* v. *Pearson*, 118 Mass. 61. *Blanchard* v. *Ferdinand*, 132 Mass. 389. It follows that the Superior Court has now no jurisdiction of the action, and that it should be dismissed.

*Exceptions sustained.*