HERBERT RADCLYFFE vs. GEORGE S. BARTON.

Suffolk.   January 20, 1891. — June 26, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Superior Court — Vacation of Judgment — Writ of Error.*

The Superior Court has no power on a mere motion, after the term at which judgment is rendered upon a default without fraud, error, or mistake, and after the lapse of several more terms, to vacate the judgment, bring forward the action, amend the writ by increasing the *ad damnum*, and enter judgment against the defendant for a larger sum, whether notice is given to him of the motion or not.

WRIT OF ERROR, issued on January 6, 1889, to reverse a judgment rendered by the Superior Court at July term, 1879. Plea, *in nullo est erratum.*

The record of the action in which the judgment was rendered, transmitted by the Superior Court, showed that on June 11, 1878, an action of contract upon a promissory note for one thousand dollars, made by the plaintiff in error to the order of the defendant in error, was brought by the latter against the former, the *ad damnum* of the writ being laid at three hundred dollars ; and that at the July term, 1878, judgment was rendered against the plaintiff in error on his default, and in favor of the defendant in error, in the sum of three hundred dollars, together with the costs of suit. At the July term, 1879, the defendant in error filed a motion in that court to vacate the judgment so rendered by default, bring the suit forward, and increase the *ad damnum* in the writ to fifteen hundred dollars. This motion was allowed on the day it was filed, and at the same time judgment was rendered in the case in favor of the defendant in error for $1,116.73 damages, together with the costs of suit, on which execution was duly issued.

The assignment of errors recited, among other things, that the judgment was vacated, the action brought forward, and the *ad damnum* increased, and the new judgment rendered, without notice to the plaintiff in error of the motion filed by the defendant in error.

The case was submitted to this court on agreed facts, reciting that the transcript of the records of the Superior Court was correct, and that an action of contract had been brought upon the judgment sought to be reversed within six years prior to suing out this writ of error, and waiving any assignment of error requiring other evidence.

*C. H. Sprague,* for the plaintiff in error.

*H. Lougee,* for the defendant in error.

ALLEN, J. The cause was finally disposed of by the entry of judgment for three hundred dollars on the default. There was no fraud nor error nor mistake in the entry of that judgment, as was the case in *Edson* v. *Edson,* 108 Mass. 590. *Stickney* v. *Davis,* 17 Pick. 169. *Capen* v. *Stoughton,* 16 Gray, 364. The term of court had closed. Several more terms had also passed.

After all this, the court on a mere motion assumed to vacate the judgment, to bring forward the action, to allow an amendment increasing the *ad damnum*, and to enter judgment against the plaintiff in error for a larger sum. We need not consider whether it is to be presumed that notice of the motion was given to the plaintiff in error or not. In the assignment of errors he sets forth that no notice was given to him; but by his agreement he waives this. It would be more satisfactory to have had this fact proved, if it existed; but whether notice was given or not, it was not in the power of the court at that time to vacate the judgment on a mere motion. *Mason* v. *Pearson*, 118 Mass. 61. *Blanchard* v. *Ferdinand*, 132 Mass. 389. *Wood* v. *Payea*, 138 Mass. 61. *Pierce* v. *Lamper*, 141 Mass. 20. *Barnes* v. *Smith*, 104 Mass. 363. *Mortland* v. *Little*, 137 Mass. 339. See also *Dudley* v. *Keith*, 153 Mass. 104. We need not consider whether it might have been done on a formal petition, under the Pub. Sts. c. 187, § 17, (*Pierce* v. *Lamper, ubi supra,*) or on a writ of review. Pub. Sts. c. 187, §§ 22, 25, 30, 35.

The judgment for three hundred dollars was properly entered, and the plaintiff in error has no ground of complaint on that score. *Jarvis* v. *Blanchard*, 6 Mass. 4. *Storer* v. *White*, 7 Mass. 448. *Fairfield* v. *Burt*, 11 Pick. 244. That judgment therefore will stand, and the judgment subsequently entered must be reversed.                    *Judgment reversed.*