BRIDGET E. HASTINGS *vs.* HERMAN PARKER & another.

Norfolk.    March 24, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Petition to vacate a Judgment — Statute — Answer.*

Under St. 1895, c. 234, entitled " An Act relative to the vacation of judgments and writs of and petitions for review," the petitioner cannot require the respondent to file an answer.

PETITION, filed April 9, 1896, in the Superior Court for the county of Norfolk, to vacate a judgment rendered against the petitioner in that court, and for a supersedeas and other relief, pursuant to St. 1895, c. 234.    At the hearing in the Superior Court, before *Dunbar*, J., it appeared that an order of notice was duly issued pursuant to § 3 of the statute; that the petitioner read the petition and asked the judge to order the respondents to file an answer, but that the judge declined so to order, and dismissed the petition with costs; and the petitioner alleged exceptions.

*B. F. Briggs*, for the petitioner.

*W. S. Pinkham*, for the respondents.

FIELD, C. J.    The only exception is to the refusal of the court to order the respondents to file an answer to the petition.

The St. 1895, c. 234, does not require the respondent to file an answer, and there is no rule of the Superior Court that in terms requires an answer to such a petition.    Such a petition, like a petition for a writ of review, never has been treated as an action at law in which the respondent may be defaulted if he does not file an answer, and the proceedings are not within the provisions of Pub. Sts. c. 167, §§ 13–29, and §§ 45–47.

It is unnecessary to consider whether the court has not the power to order an answer to be filed to such a petition if it seems to the court necessary or desirable.    The petitioner has no right to require this to be done.

*Exceptions overruled.*