HARRIET S. DAVIS & others *vs.* NATIONAL LIFE INSURANCE COMPANY.

Suffolk. January 26, 1905. — March 2, 1905.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & LORING, JJ.

*Practice, Civil,* Petition to vacate judgment. *Judgment.*

It is error to grant a petition to vacate a judgment under R. L. c. 193, § 15, when the petitioner has not given the bond required by § 17 of that chapter, unless the case comes under the exception provided for by § 18.

KNOWLTON, C. J. This action was brought on August 23, 1897, but because of proceedings in equity affecting the rights of the parties, pending in the Circuit Court of the United States, it remained, without active prosecution and without the filing of an answer, until June 10, 1901. It then was dismissed, under the rule of the Superior Court, on the calling of the docket. On February 19, 1902, a final decree was entered in the suit in the Circuit Court of the United States, dismissing the bill. Until after that time the plaintiffs, according to the averments of their petition, had no knowledge of the dismissal of the action. They then filed a petition or motion, in the Superior Court, averring these facts and others, and asking to have the case restored to the docket. An order of notice was issued on this petition, and the court, after a hearing, ordered the order of dismissal to be vacated, and the case to be brought forward and placed on the trial list. The defendant appealed from this last order, and the question is whether, on the face of the record, it appears to be erroneous.

The order that the action be dismissed was an order for a final judgment. Under Rule 25 of the Superior Court, judgment is to

be entered on the first Monday of every month, under a general order of the court, in all cases ripe for judgment. We understand that such a general order was then in effect, and under the authority of *Pierce* v. *Lamper*, 141 Mass. 20, we have no doubt that a final judgment was entered in the case on the first Monday of July, 1901. This judgment can be vacated or set aside, only on some proceeding authorized by law. *Pierce* v. *Lamper*, *ubi supra*. *Barnes* v. *Smith*, 104 Mass. 363. *Mason* v. *Pearson*, 118 Mass. 61. *Blanchard* v. *Ferdinand*, 132 Mass. 389. *Wood* v. *Payea*, 138 Mass. 61. *Radclyffe* v. *Barton*, 154 Mass. 157. *Darrow* v. *Darrow*, 159 Mass. 262, was a case which was not ripe for a final judgment, and there was no attempt to dispose of it finally. The order was merely to strike it from the docket of cases in which early action might be expected. A final judgment may be set aside on an appeal seasonably taken for the correction of errors of law apparent on the face of the record, or by a petition to vacate a judgment, or by a writ of review, under the R. L. c. 193, §§ 21–37, or by a writ of error, if there are grounds for any of these proceedings. A judgment also may be set aside upon a motion by the prevailing party, filed within three months, in accordance with the provisions of R. L. c. 193, § 14.

The plaintiffs filed an application which is entitled "Motion," and which, in asking that the case be restored to the docket, uses the word "move" instead of "pray." Can this properly be construed as a petition to vacate the judgment, under the R. L. c. 193, § 15? The Superior Court, in issuing an order upon it, calls it a petition and refers to the plaintiffs as petitioners. The kind of notice ordered, namely, personal service upon the defendant of a copy of the petition and the order upon it, was appropriate to a petition to vacate a judgment. The record of the final proceedings upon it treats it as a petition. It is in these words: "After the hearing on the foregoing petition, the court allowed the same, and ordered the order of court to be vacated," etc. Going back to the petition itself, we find a statement of all the material facts upon which an order to vacate a judgment may be predicated. A motion authorized under § 14 cannot rest upon such facts, and can only be made within three months by the prevailing party. See also St. 1895,

c. 234, § 2. The plaintiffs were not the prevailing party, and there is no statute under which such facts properly can be presented in a mere motion after the entry of a final judgment. To give the application effect at all it must be deemed a petition to vacate the judgment, as the Superior Court seems to have considered it in each of the orders made upon it. It was somewhat informal, and there may have been uncertainty in the minds of some of the parties in regard to the precise nature of the proceeding; but, in view of all the circumstances, we are inclined to construe the application as a petition to vacate the judgment under the statute.

Upon such an application, in ordinary cases, a bond must be given under § 17 before the judgment can be vacated. The exception to this general rule is stated in § 18, and this case is not within it. It seems, therefore, that there was an error of law in making the final order without the filing of a bond. For this reason, the order must be set aside, the judgment reversed, and the petition remanded to the Superior Court for further proceedings.

As the case is not properly before us on the merits, we cannot consider the question as to interest which has been argued by counsel.

*Judgment reversed; order set aside.*

*A. E. Denison & W. S. Campbell*, for the defendant.

*F. H. Williams & F. M. Copeland*, for the plaintiffs.