JAMES L. KARRICK *vs.* BERTON O. WETMORE, administrator,
& another, assignee.

Suffolk.   November 13, 1911. — January 4, 1912.

Present: RUGG, C. J., HAMMOND, SHELDON, & DeCOURCY, JJ.

*Judgment,* Final, Motion to vacate. *Superior Court. Practice, Civil,* Motion to vacate
judgment, Dismissal for want of prosecution, Discontinuance.   *Review.   Error.*

A judgment of dismissal entered in due course in an action in the Superior Court,
which was called and dismissed pursuant to a general order of that court to that
effect applying to all cases in which no action has been taken within the year
next preceding, is a final judgment within the meaning of R. L. c. 193, § 15,
which requires that a petition to vacate a final judgment shall be filed within
one year after the entry of such judgment.

Where, in an action which was dismissed under a general order of the Superior
Court because nothing had been done therein within a year, it is shown by the
records of that court that there had been proceedings in the action within the
year next preceding the judgment of dismissal but it does not appear that there
had been any clerical error in the entry of that judgment, this does not give the
Superior Court jurisdiction to grant a motion to vacate the judgment filed more
than one year after the judgment was entered, the court having had juris-
diction to make the judgment of dismissal although the facts as afterwards
shown did not warrant it.

A petition for a writ of review of a judgment of the Superior Court, which was
discontinued by the petitioner by leave of court without costs before any trial
was had upon it, does not estop the petitioner from maintaining a petition for a
writ of error to reverse the same judgment upon substantially the same grounds
as those alleged in his petition for a writ of review.

RUGG, C. J.   This is a petition for a writ of error.   The ma-
terial facts are that an action by the intestate of the defendant in
error Wetmore was brought against the plaintiff in error in the
Superior Court in Suffolk County.   A verdict was rendered
against the plaintiff in error, the defendant in that action.   Subse-
quently, on July 27, 1898, his exceptions were disallowed as not
conformable to the truth.   On June 12, 1899, the case was called
and dismissed pursuant to a general order of the Superior Court
to that effect applying to all cases in which no action had been
taken within the year next preceding.   Action had been taken
in the case as above stated, but notwithstanding that, judgment
of dismissal was entered on the first Monday of July, 1899,
under the general rule of that court requiring judgment to be
so entered in all cases ripe for judgment.   More than fifteen

months later, on October 18, 1900, on motion, by order of the Superior Court, "said dismissal is stricken off, the same having been improvidently entered, and action having been taken within the year but not discovered." Thereafter judgment was entered on the verdict against the defendant there, the present plaintiff in error, he being then a non-resident. The present writ of error is brought to reverse this judgment.

I. The judgment of dismissal of July, 1899, entered under the general rule after a calling of the list, was a final judgment in the case. After the expiration of one year thereafter the Superior Court had no power to vacate that judgment and bring it forward for other action. These points were decided in *Pierce* v. *Lamper*, 141 Mass. 20 ; *Radclyffe* v. *Barton*, 154 Mass. 157 ; *Davis* v. *National Life Ins. Co.* 187 Mass. 468. See *Wetmore* v. *Karrick*, 205 U. S. 141, 150, and *Patch* v. *Wabash Railroad*, 207 U. S. 277, 281. R. L. c. 193, § 15. This being so, it is not necessary to consider whether there was evidence of notice to the present plaintiff in error of the motion to strike out the dismissal, for it is not claimed that he assented to such action.

II. The defendant seeks to avoid the force of these decisions on two grounds : (1) because the action dismissing the case at the calling of the list in June, 1899, and the entry of the judgment in July, 1899, were mistakes, and (2) because the case could not under the law have been dismissed and judgment of dismissal entered.

1. The power of a court to correct clerical errors in its records arising from misprision of the clerk, improvidence of jurors, failure of commissioners to express their decision or otherwise is ample. *Capen* v. *Stoughton*, 16 Gray, 364. *Lucy* v. *Dowling*, 114 Mass. 92. *Fitchburg* v. *Fitchburg Railroad*, 180 Mass. 535. *Whitney* v. *Commonwealth*, 190 Mass. 531, 540. But no clerical error appears here. There is no doubt that the docket memorandum of dismissal, minuted as the case was called, was made intentionally, although it might not have been made if the whole record respecting the case had been in the mind of the court. But that which was done was intended to be done, and the entry of judgment of dismissal in July, 1899, was the exact entry intended to be made. There was no clerical error. There was

no failure to make the written record correspond with the decision actually made.

2. The facts as they now appear did not authorize the action of the court in June, 1899, in dismissing the case nor in entering judgment in the following July. But such action was within the jurisdiction of the court. That it was done is attested by the records. The record of the clerk imports verity in this regard. That there were facts in existence which made it error as matter of law to enter the particular judgment is nothing more than happens in many instances where judgments of lower courts are reversed. There were ample remedies at hand, if seasonably taken, to protect the plaintiff. Perhaps he might have appealed; he certainly might have petitioned for relief through one of the channels afforded by the statutes. R. L. c. 193. *Davis* v. *National Life Ins. Co.* 187 Mass. 468. He did none of these until long after the time limited by law. It follows that the Superior Court was without jurisdiction to entertain the motion filed in October, 1900, and that its subsequent action in the case likewise was void.

3. In October, 1902, the plaintiff in error filed in the Superior Court a petition for a writ of review of the judgment which is the subject matter of the present petition, and the grounds therein alleged were substantially the same as those in this proceeding. By leave of court that petition was afterwards discontinued by the petitioner without costs. It does not appear that trial thereupon had been commenced. These circumstances do not estop the petitioner from asserting his rights by this form of remedy.

*Judgment reversed.*

*A. E. Burr*, for the plaintiff in error.

*H. T. Richardson*, for the defendant in error John F. McKay, the assignee of the judgment sought to be reversed.