JACOB MAKER, administrator, *vs.* WILLARD BOUTHIER.

Bristol.    May 15, 1922. — June 27, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Judgment.    Practice, Civil,* Vacating judgment, Exceptions, Service, Default. *Jurisdiction.    Waiver.    Notice.*

In an action of tort for personal injuries the writ was served properly upon the defendant and was entered on an August 5, but he failed to file an appearance or answer and was defaulted.    Damages were assessed for the plaintiff on September 19, and judgment was entered accordingly on December 1.    On February 13 the defendant filed in the original action a petition to vacate the judgment.    The plaintiff raised no objection to the petition not being filed as a separate proceeding.    No order of notice was issued on the petition but the plaintiff was present at its hearing and participated therein without raising any question as to procedure, and the evidence was introduced without objection or exception.    Upon evidence warranting a finding that without fault of the defendant no appearance was entered in his behalf, a judge, treating the petition as a proceeding under G. L. c. 250, §§ 15, 16, allowed the petition and ordered the judgment vacated on the filing of a bond by the defendant. *Held,* that

(1) The Superior Court is a court of general jurisdiction and under the statute plainly had jurisdiction of a petition to vacate the judgment;

(2) Although, if the plaintiff had seasonably objected to the petition as filed in the original action instead of as a separate proceeding, that objection ought to have been sustained, nevertheless, the proceeding being within the jurisdiction of the court, it then would have been within the power of the court under G. L. c. 231, § 51, to have allowed the petitioner to amend into a separate proceeding;

(3) The plaintiff by his conduct had waived his right to object to the procedure upon the petition for vacation of judgment;

(4) In view of all the circumstances, the court having jurisdiction of the subject matter, the defect in procedure must be held not to be fatal to the defendant.

The granting of a petition to vacate judgment under G. L. c. 250, §§ 15, 16, ordinarily rests within sound judicial discretion, to the exercise of which no exception lies.

*It seems,* that, if personal service of a writ is made upon the defendant and he has no attorney of record, there is no requirement in G. L. c. 231, § 58, for notice to the defendant of a default.

TORT for personal injuries resulting from a collision of motor vehicles.    Writ dated July 8, 1918.

Proper service of the writ was made upon the defendant but no appearance nor answer was filed by him and he was defaulted.

In the Superior Court, the action was heard by *Sisk*, J., without a jury, who assessed damages in the sum of $2,500, and judgment was entered accordingly on December 1, 1919. On February 13, 1920, the defendant filed in the original action a petition to vacate the judgment. The petition was heard by *Cox*, J. The proceedings and material evidence are described in the opinion. The judge allowed the petition and ordered judgment to be vacated upon the filing of a bond by the defendant; and the plaintiff alleged exceptions and appealed.

The case was submitted on briefs.

*D. R. Radovsky*, for the plaintiff.

*H. S. R. Buffinton*, for the defendant.

Rugg, C.J. This is an action of tort to recover compensation for personal injuries. The writ was entered in the Superior Court on the first Monday of August, 1918. Although the writ was served on the defendant, he failed to appear or answer. No attorney appeared for him. His default should have been entered at the expiration of twenty-one days after such failure. R. L. c. 173, § 54, as amended by St. 1917, c. 101 (see now G. L. 231, § 57). See Rules 7, 29 and 29a of the Superior Court (1915). Damages were assessed in favor of the plaintiff on September 19, 1919. Judgment was entered accordingly on December 1, 1919. Suit in equity was brought on January 5, 1920, against an insurance company with which the defendant was alleged to carry insurance against accidents. On February 13, 1920, the defendant filed in the original action and not as a distinct proceeding a petition to vacate the judgment in favor of the plaintiff. At the hearing upon this petition there was evidence, apparently introduced without objection or exception, from which it might have been found that the defendant went to the office of the clerk of courts in response to the original writ of summons and was told to file a written answer within a certain time; that thereafter he gave the summons to the local insurance agent who had sold him the liability insurance policy, and that without fault of the defendant no appearance was entered in his behalf. The judge allowed the petition and ordered the judgment to be vacated on the filing of a bond by the defendant. Although it is stated that the plaintiff appealed, the record does not show the entry in this court of any appeal. No appeal is before us. A bill of

exceptions was allowed in which the single recital of exceptions is that "To the order vacating the judgment the plaintiff excepted." That brings the case before us: but the only question presented is whether the order vacating the judgment is shown by the record to have been erroneous as matter of law.

The facts do not bring the case within G. L. c. 250, § 14, whereby the prevailing party may have judgment vacated on motion filed within three months thereafter in the original case. The question is whether the order of the court can be sustained under G. L. c. 250, §§ 15, 16, 17, whereby judgment may be vacated upon petition of either party filed within one year thereafter, provided the execution has not been satisfied in whole or in part.

It is urged by the plaintiff that, as this petition was filed in the original case and not as an independent proceeding, the court was without jurisdiction to consider it and hence that the order vacating the judgment was a nullity. It was said in *Clarke* v. *Bacall,* 171 Mass. 292, "A petition to vacate a judgment under our statute is entered as a separate suit, like a petition for a writ of review." The statute authorizing a petition to vacate a judgment introduced into our practice a more summary method than a writ of review for setting aside a judgment in which the execution has not been satisfied in whole or in part. *Skillings* v. *Massachusetts Benefit Association,* 151 Mass. 321, 322. *Soper* v. *Manning,* 158 Mass. 381. Nevertheless, it resembles a writ of review in being a separate proceeding. *Lynn Gas & Electric Co.* v. *Creditors National Clearing House,* 235 Mass. 114, and cases collected. *Yetten* v. *Conroy,* 165 Mass. 238. *Hastings* v. *Parker,* 168 Mass. 445. *Radclyffe* v. *Barton,* ·154 Mass. 157. It is the correct practice to file the petition as a separate proceeding, although cases are to be found in the books where the petition has been filed in the original case and has been argued by parties without objection and has been decided by the court without noticing the point. See, for example, *Barry* v. *New York Holding & Construction Co.* 226 Mass. 14; *Marsch* v. *Southern New England Railroad,* 235 Mass. 304; and *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414. These decisions strongly indicate that there is jurisdiction to consider and deal with such petitions because it is the duty of the court of its own motion to examine its jurisdiction

to entertain a cause or matter even though not raised or argued by the parties. *Boston Bar Association* v. *Casey*, 227 Mass. 46, 50. *Jordan* v. *Ulmer*, 237 Mass. 577, 578. *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank*, 196 Mass. 458, 462.

The Superior Court is a court of general jurisdiction. It plainly has jurisdiction under the statute of a petition like the one at bar. If the plaintiff had seasonably objected to the petition as filed in the original action, that objection ought to have been sustained. But it then would have been within the power of the Superior Court to have allowed the petitioner to amend into a separate proceeding. G. L. c. 231, § 51. It has always been the policy of this court to construe liberally the statute as to amendments. *Herlihy* v. *Little*, 200 Mass. 284. *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 6. *Lowrie* v. *Castle*, 225 Mass. 37. *Davenport* v. *Holland*, 2 Cush. 1, 13. *Winch* v. *Hosmer*, 122 Mass. 438, 439. *Sanger* v. *Newton*, 134 Mass. 308. *Manchester* v. *Popkin*, 237 Mass. 434, 436. *Day* v. *Mills*, 213 Mass. 585. The petition in the case at bar, if amended into a separate action, would bring in no new party nor a different cause of action. It is sufficient in form, correct in method, and was filed within the prescribed time. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 10. The only error was in not filing it as an independent proceeding. Cases like *Peterson* v. *Waltham*, 150 Mass. 564, *Partridge* v. *Arlington*, 193 Mass. 530, *Church* v. *Boylston & Woodbury Cafe Co.* 218 Mass. 231, and *Knights* v. *Treasurer & Receiver General*, 236 Mass. 336, 341, where the allowance of an amendment has been beyond the jurisdiction of the court, are distinguishable.

Since the petition to vacate the judgment was within the jurisdiction of the Superior Court, the question is whether the plaintiff can now take advantage of the defect in procedure. The plaintiff raised no point concerning the petition by filing written pleading. No order of notice was issued on the petition, but the plaintiff seemingly was present at the hearing and participated therein without raising any question of that kind. If he appeared voluntarily, there was no necessity for notice. The evidence was introduced without objection or exception. This cannot affect the matter if the court is without jurisdiction over the petition. *Eaton* v. *Eaton*, 233 Mass. 351, 364. But so far as

concerns every aspect of the case except that of jurisdiction, the plaintiff, by appearing and participating in a trial on the facts without objection, cannot now complain, having thereby waived that right. *Bauer* v. *International Waste Co.* 201 Mass. 197, 201. *Ryan* v. *Annelin,* 228 Mass. 591. *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, 291. The hearing on the merits of the petition proceeded apparently without request for ruling on this point and without objection or exception. The record discloses consent on the part of the plaintiff to consideration of the petition by the Superior Court. Every presumption in this particular must be taken against the plaintiff, because it is the duty of the excepting party to set out objection if any was made. *Posell* v. *Herscovitz,* 237 Mass. 513. The time for filing a petition as a separate proceeding has now long gone by. The trial judge treated the petition as a proceeding under G. L. c. 250, §§ 15, 16, and made the order for vacation of judgment dependent upon the filing of the bond there required. In view of all these circumstances, the defect in procedure must now be held not fatal to the defendant. The case upon this point is within the controlling authority of *Shour* v. *Henin,* 240 Mass. 240. *Davis* v. *National Life Ins. Co.* 187 Mass. 468. It is somewhat analogous to an error as to venue of which advantage must be seasonably taken by appropriate action or it will be waived. *Paige* v. *Sinclair,* 237 Mass. 482. See, in this connection, G. L. c. 231, § 132.

The case at bar is distinguishable from *Wood* v. *Payea,* 138 Mass. 61, *Karrick* v. *Wetmore,* 210 Mass. 578, and cases collected at page 579, and *Shawmut Commercial Paper Co.* v. *Cram,* 212 Mass. 108, where mere motions in the original case have been held not sufficient to confer jurisdiction on the court to vacate judgment.

The granting of a petition to vacate judgment under the statute ordinarily rests within sound judicial discretion, to the exercise of which no exception lies. No error of law is disclosed in this particular. *Ryan* v. *Hickey,* 240 Mass. 46, and cases there collected.

Since there was personal service of the writ upon the defendant and he had no attorney of record, there was no requirement in St. 1917, c. 227, now G. L. c. 231, § 58, for notice of the default to the defendant. But it does not appear that the decision of

the judge was based on this statute and hence no error in this respect is disclosed.

*Exceptions overruled.*