JAMES J. WRINN *vs.* V. T. SELLERS.

SAME *vs.* LEADER PUBLISHING COMPANY.

SAME *vs.* SAME.

SAME *vs.* SAME.

Essex.   April 15, 1925. — May 21, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Petition to vacate judgment, Special appearance, Appeal.

The filing of a "special appearance" by a respondent in a petition to vacate a judgment is not sufficient to present to the court a contention that no sufficient service of an order of notice issued upon the petition was made upon the respondent: to raise such a question the respondent should file a motion to dismiss or a plea to the jurisdiction in proper form.

A "special appearance" filed by the respondent on the return day of an order of notice, issued upon a petition to vacate a judgment, if not accompanied by any motion or plea, becomes a general appearance.

FOUR PETITIONS, filed on September 30, 1924, to vacate judgments entered for the respondents in actions at law brought by the petitioner.

The separate allegations of each petition were as follows:

"The plaintiff says that the above entitled case [in which the judgment against him as plaintiff was entered] has merit and it has always been his intention to prosecute said case with earnestness and sincerity; that for some time your plaintiff has been seriously ill which required him to visit the South; that without his consent or knowledge the aforesaid case was dismissed on October 1st, A.D. 1923, under

a General Order of the Superior Court which requires the dismissal of cases which have remained on the docket without action for two years; that your plaintiff has just discovered the aforesaid action of the Superior Court;

"Your plaintiff says that he is ready and willing to file a bond to the adverse party in such sums and with such sureties as may be satisfactory to the court in such case made and provided, in the event that a bond may be required under the law."

On November 11, 1924, the court ordered as to each petition that the petitioner give notice to the respondent "within named, by causing it [or him] to be served with an attested copy of said petition and of this order thereon, forthwith, that it [or he] may appear before this Court, in the motion session, at Salem within said County of Essex, on Monday the seventeenth day of November next, at 9:30 o'clock in the forenoon, then and there to show cause if any it [or he] has why the prayer of said petition should not be granted."

Service was made by a constable of Lawrence. His return on the order of notice to the respondent Sellers was dated November 15, 1924, and was as follows: "I have this day at thirty minutes past one o'clock P.M. served notice on the within named Valentine T. Sellers as within directed by leaving a true and attested copy of this order of notice at its place of business at No. 19 Concord Street in said Lawrence." His return on the order of notice to the respondent corporation also was dated November 15, 1924, and was as follows: "I have this day at thirty minutes past one o'clock P.M. served notice on the within named Leader Publishing Company as within directed by leaving a true and attested copy of this order of notice at its place of business at No. 19 Concord Street in said Lawrence."

On November 17, 1924, in each case, attorneys filed with the clerk of courts a "special appearance" for the respondent, and on that day an order was made in each case that the petition be "allowed upon filing bond in $300." On November 25, 1924, bonds were filed and the petitions were allowed by *Thayer,* J., and on December 15, 1924, the re-

spondent in each case filed an appeal.  The sole contention of the respondents before this court was that they "were not personally within the jurisdiction of the Superior Court, by reason of the lack of a proper service on it or him of an attested copy of the petition and of the order of the Court thereon for the reasons hereinbefore stated, and that the Superior Court erred in allowing the petition, since the respondent in each case had not waived the matter of personal jurisdiction by appearing generally, or otherwise."

The case was submitted on briefs.

*M. A. Flanagan & J. J. Fox, Jr.*, for the respondents.

*J. P. S. Mahoney*, for the petitioners.

RUGG, C.J.  These are petitions filed on September 30, 1924, to vacate judgments entered on October 1, 1923, G. L. c. 250, §§ 14–20.  The petitions rightly were entered as separate proceedings.  *Maker* v. *Bouthier*, 242 Mass. 20.  They set out grounds sufficient in law for vacating a judgment.  *Karrick* v. *Wetmore*, 210 Mass. 578.  *Shour* v. *Henin*, 240 Mass. 240.  Order of notice was issued in proper form.  On the return day attorneys entered a "special appearance" for the respondent in each case but filed no pleading whatever.  Bond was filed and petition allowed on November 25, 1924.  Each respondent appealed on December 15, 1924.

The respondents have argued that no sufficient service was made upon them.  That question is not raised on this record.  The special appearance alone was not enough.  It made no mention of the ground for special appearance.  Motion should have been filed to dismiss, or a plea to the jurisdiction, on account of insufficient service.  *Oliver Ditson Co.* v. *Testa*, 216 Mass. 123.  *Reynolds* v. *Missouri, Kansas & Texas Railway*, 224 Mass. 379, 380.  See *Cheshire National Bank* v. *Jaynes*, 224 Mass. 14.  The entry of a special appearance without more was under the circumstances the equivalent of a general appearance.  *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 423.  While in general pleadings are not necessary in a proceeding like the present, *Hastings* v. *Parker*, 168 Mass. 445, when the respondent relies upon some special matter not going to the merits of the case, he must raise it

by special pleading in order to have a standing as of right on such special matter.

No error is disclosed on this record of which advantage can be taken by appeal. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133. G. L. c. 231, § 96.

In each case the allowance of the petition is affirmed.

*So ordered.*