JOSEPH PRENGUBER & another *vs.* VICTOR A. AGOSTINI.

Berkshire.     December 7, 1933. — January 9, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice,* Decree. *Equity Jurisdiction,* To correct
final decree.

Following the report of a master in a suit in equity, a final decree was
entered, from which there was no appeal. The judge who ordered
the entry of the decree thereafter allowed, with respect to certain
particulars thereof, a motion by the plaintiff entitled "Motion to
correct Clerical Errors and Mistakes in Computations in the Final
Decree." It appeared that the judge based his allowance of the
motion, not upon the ground that the decree did not set forth accu-
rately the decision which the judge had intended to make upon the
master's report, but upon the ground that, after the decree was en-
tered, it had been "shown to the court" that the decree did not con-
form to the findings by the master. It did not appear that the judge
previously had made the ruling with respect to the effect of the
master's findings which impliedly was made by his allowance of the
motion. *Held,* that
      (1) The error in the decree was not merely clerical but was judicial
in nature;
      (2) The court therefore had no power to correct the decree upon
motion;
      (3) The allowance of the motion was error.

BILL IN EQUITY, filed in the Superior Court on November
13, 1931, and afterwards amended.

Proceedings in the suit are described in the opinion. The
decrees were entered by order of *W. A. Burns,* J., and the
plaintiffs' motion to correct the final decree was heard by
him.

*W. A. O'Hearn,* for the defendant.

*M. B. Warner,* for the plaintiffs.

FIELD, J. This suit in equity involves the existence and
location of a right of way from the plaintiffs' land west of
Furnace Street in North Adams over land of the defendant,
also west of Furnace Street, to that street.

The case was referred to a master who filed a report, which

was confirmed by an interlocutory decree and in which he found facts showing that the plaintiffs had a right of way by prescription over the defendant's land and fixing its location. A final decree was entered establishing in favor of the plaintiffs a right of way as described in said decree. No appeal was taken from either of these decrees.

Thereafter the plaintiffs filed a motion entitled "Motion to correct Clerical Errors and Mistakes in Computations in the Final Decree," on which the following ruling was made by the judge who had heard the case on the master's report: "The master having found the plaintiffs entitled to a right of way approximately ten feet wide and it having been shown to the court that the description thereof as incorporated in the final decree is erroneous in that it does not describe a right of way approximately ten feet wide but describes a right of way not over four feet wide at its intersection with Furnace Street, so much of the plaintiffs' motion as in substance requests that the description set forth therein be substituted for the description heretofore incorporated in the final decree, is allowed." The defendant excepted to this ruling.

As stated in the recent case of *Kingsley* v. *Fall River*, 280 Mass. 395, with citation of earlier cases, "It is an established principle that after the entry of a final decree in a suit in equity the case is finally disposed of subject to such rights of appeal as the law affords, and the court has no further power to deal with the case except upon a bill of review. . . . There are certain exceptions to this rule, as, for example, where clerical errors, mistakes in computation or irregularities in making up the record have occurred . . . ." Page 398. (Other exceptions not here material also are referred to.) See also *Beacon Oil Co.* v. *Maniatis*, 284 Mass. 574, 577–578, and cases cited. The question for our determination is whether the present case falls within the exception stated.

The master's report, the final decree and the final decree as corrected all describe a right of way over a strip of land running in a southerly direction from the plaintiffs' premises to Furnace Street. There are no apparent differences in

the location of the right of way at the plaintiffs' premises or in the location of the point of intersection of the easterly line of the right of way and the westerly line of Furnace Street. The present dispute is in regard to the location of the point of intersection of the westerly line of the right of way and the westerly line of Furnace Street. According to the master's report and the final decree as originally entered, this point of intersection is ten feet south of the point of intersection of the easterly line of the right of way with the westerly line of the street. The judge, on the ground that the master had found that the plaintiffs were entitled to a right of way approximately ten feet wide and that the final decree "describes a right of way not over four feet wide at its intersection with Furnace Street" (obviously because the right of way and Furnace Street do not intersect at a right angle and consequently the line of intersection is longer than the width of the right of way), corrected the decree so as to describe a right of way ten feet wide at its intersection with Furnace Street irrespective of the length of the line of intersection, which, by the master's report and the final decree originally entered, was fixed at ten feet.

If the decree originally entered did not state the decision of the court actually made and the correction of the decree was merely a change in the specific boundaries of the right of way to make the decree conform to the decision actually made, the correction would be within the exception to the rule that a decree not appealed from can be changed only upon a bill of review. *Mayor & Aldermen of Fitchburg* v. *Fitchburg Railroad,* 180 Mass. 535, 537. *Karrick* v. *Wetmore,* 210 Mass. 578, 579–580. And it is to be presumed that a change in a decree for the purpose of making it conform to the actual decision made is in accordance with the facts. See *Fay* v. *Wenzell,* 8 Cush. 315, 317.

The judge, however, did not put his ruling correcting the decree on the ground that the decree originally entered did not state the decision of the court actually made. On the contrary, he put the ruling on the ground that it had been "shown to the court" — obviously after the decree was entered — that the decree did not conform to the finding of

the master in regard to the width of the right of way. As there were findings in the master's report both of the width of the right of way and of the length of the line of intersection of the right of way and Furnace Street, the ruling of the judge implies a ruling that the finding in regard to the width of the right of way controls. Very likely if the matter had been called to the attention of the judge before the final decree was entered he would have made this ruling and a decree in accordance therewith. But neither the ruling now before us nor anything else in the record indicates that the judge previously had made such a ruling in regard to the effect to be given to the findings of the master, or that the decree originally entered was not the decree which he intended to make. If there was error in the decree originally entered it was, so far as this record shows, in its nature judicial and not clerical. *Karrick* v. *Wetmore,* 210 Mass. 578, 579–580. The decree, therefore, could not be corrected on motion. *White* v. *Gove,* 183 Mass. 333, 340.

*Exceptions sustained.*