ROGER AMORY & others *vs.* ASSESSORS OF BOSTON.

Suffolk.     March 5, 1941. — May 27, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Practice, Civil,* Judgment; Exceptions: whether error harmful. *Error,* Whether harmful. *Mandamus.*

It was beyond the power of the trial court, after entry of "judgment for respondents" upon a petition for a writ of mandamus following a rescript from this court sustaining a demurrer to the petition because of an adequate remedy by other process, to cause to be added on the docket, upon motion by the petitioner, the words, "Petition dismissed without prejudice to the bringing of other proceedings not inconsistent with the opinion of the Supreme Judicial Court"; and such addition was error prejudicial to the respondents.

PETITION, filed in the Superior Court on March 4, 1940.

The amendment of the docket in the Superior Court to which the respondents alleged an exception as stated in the opinion was ordered by *Swift,* J.

.     *R. H. Hopkins,* Assistant Corporation Counsel, (*N. Moger,* Assistant Corporation Counsel, with him,) for the respondents.

*A. Lincoln,* for the petitioners.

QUA, J.     When this petition for a writ of mandamus was before this court on a previous occasion we held that a demurrer to the petition should have been sustained solely on the ground that there was an adequate statutory remedy. *Amory* v. *Assessors of Boston,* 306 Mass. 354. The present bill of exceptions states that after the filing in the Superior Court of the rescript "Demurrer sustained" and after the case had become ripe for judgment in that

court, "judgment . . . was entered" on July 15, 1940, in these words, "Judgment for respondents." Thereafter, on August 2, 1940, on motion by the petitioners, the judge ordered that there be added on the docket after the words "Judgment for the respondents" the words, "Petition dismissed without prejudice to the bringing of other proceedings not inconsistent with the opinion of the Supreme Judicial Court." The question now before us is whether there was error in adding these words to the judgment as previously entered.

Commonly the entry of judgment is the last step in the decision of a case. Subject to such appellate procedure as may be available, to statutory proceedings to vacate or review, and possibly to one or two other exceptions with which we are not here concerned, the judgment as entered is final. The trial court has no further power over it and cannot add to it or amend it, although it may correct mere clerical errors, mistakes in computation, and similar blunders which occasionally occur. *Barnes* v. *Smith*, 104 Mass. 363, 364. *Mason* v. *Pearson*, 118 Mass. 61. *Blanchard* v. *Ferdinand*, 132 Mass. 389. *Pierce* v. *Lamper*, 141 Mass. 20. *Davis* v. *National Life Ins. Co.* 187 Mass. 468. *White* v. *Gove*, 183 Mass. 333, 340. *Karrick* v. *Wetmore*, 210 Mass. 578. The provisions of G. L. (Ter. Ed.) c. 231, § 56, likewise refer only to "formal defects or imperfections," *Barnes* v. *Smith*, 104 Mass. 363, 364, and to amendments, if justice requires them, "in affirmance of the judgment" already entered, not in modification of it.

In this case there was no error, clerical or otherwise, in the judgment as originally entered. A simple entry of "Petition dismissed" would have been in exact accord with prevailing practice in cases of this kind, but the entry first made had the same meaning. A petition for a writ of mandamus is a proceeding at law. *Mansfield* v. *Secretary of the Commonwealth*, 228 Mass. 262, 264. It is not common practice to include words indicating that the judgment in an action at law is without prejudice, even though it is entered upon a nonsuit or for some other reason is not conclusive of the merits of the case. There is nothing in

the record to suggest that the original entry was not that which was intended or that the judge set out to correct a clerical error in it without changing the legal effect of that which was first intended. *Karrick* v. *Wetmore*, 210 Mass. 578. *Hall* v. *Maloney*, 269 Mass. 228, 231. *Prenguber* v. *Agostini*, 289 Mass. 222, 224, 225. *Boston* v. *Santosuosso*, 308 Mass. 202, 207–208. If the amendment had any effect at all it had the effect of changing in some manner the legal consequences of the judgment as first entered and not of correcting a mistake in the form of the entry. An error of law in the first entry, if there had been one, could not be corrected in this way, where the entry made was the one intended to be made and was free from mistake other than error of law.

It may be doubted whether the respondents suffered any real harm from the attempted alteration, inasmuch as whenever a former judgment is offered as *res judicata* search may be made into the former proceedings, including an opinion of this court if the case has been here, in order to ascertain what in truth was decided. *Coyle* v. *Taunton Safe Deposit & Trust Co.* 216 Mass. 156. *Wight* v. *Wight*, 272 Mass. 154. *Mezoff* v. *United Kosher Butchers Association, Inc.* 274 Mass. 174. *Abbott* v. *Bean*, 295 Mass. 268, 274. *Gallo* v. *Foley*, 299 Mass. 1, 5. And the sustaining of a demurrer on the ground that another form of remedy should have been pursued does not preclude later resort to the proper remedy. *Wilbur* v. *Gilmore*, 21 Pick. 250, 253. *Capaccio* v. *Merrill*, 222 Mass. 308. *Marsch* v. *Southern New England Railroad*, 235 Mass. 304, 307. *Abbott* v. *Bean*, 295 Mass. 268, 273. But we are not quite prepared to rule that the respondents were in no way injured. They had a right to have the judgment in their favor stand in its original form and to the benefit of any prejudice to their opponents resulting from such a judgment as that was. The change could not be to their advantage and had been sought by their opponents. The respondents might reasonably apprehend that some contention would be based upon it. We think that they were not bound, and that we are not now bound, to undertake

the burden of investigating all possibilities to determine in exactly what manner the new form of judgment might possibly redound to the petitioners' advantage. See Keown v. Keown, 231 Mass. 404, 407, 408.

The respondents' exceptions are sustained, and the judgment is to stand as originally entered.

*So ordered.*