*Municipal Court of the
City of Boston*
No. 246981

### FIDELITY AMERICA FINANCIAL CORPORATION

v.

### REVERE RESTAURANT EQUIPMENT AND SUPPLY

Argued: Oct. 13, 1972 - Decided: Oct. 26, 1972

*Present:* Adlow, C.J., Gillen, Foster, JJ.

Case tried to *Glynn, J.*

**Adlow, C.J.** Action of contract brought in the Municipal Court of the City of Boston by the assignee of E. Stein Inc., hereinafter referred to as "Stein," for goods sold and delivered to the Revere Restaurant Equipment and Supply Company, Inc., hereinafter referred to as "Revere." The defendant, Revere, filed a Plea in Abatement and in support of this plea alleged that:

(I) By an action brought in the Suffolk Superior Court by writ dated May 7, 1964, and returnable on June 1, 1964, Mark Leipman brought an action of contract against Stein and named as trustees Revere Restaurant Equipment and Supply Company, Inc. and two others.

On July 14, 1964 Revere filed its answer alleging that it was indebted to Stein in the amount of $432.00.

(II)   The *Leipman* v. *Stein, et al* case was placed on the inactive list in 1968 and was dismissed under Rule 85 of the Superior Court on June 5, 1969. On January 26, 1970, a motion by the plaintiff in the Leipman case was filed praying that the court vacate the order of dismissal. The motion was allowed.

(III)   On February 17, 1970, the plaintiff, Leipman, moved for an order of notice to issue to the representatives of E. Stein, Inc. whose affairs were under the management of the Bankruptcy Court. The order of notice issued.

(IV)   On June 16, 1970, the plaintiff, Leipman, moved to default E. Stein, Inc. and Trustees for failure to appear and answer.

(V)   On July 13, 1970, a motion was filed to charge Revere on its answer which motion was allowed on July 22, 1970.

(VI)   On August 17, 1970, the Trustee, Revere, was charged on its answer. The damages were in the amount of $3,500.00 with costs in the amount of $25.60.

In this action the assignee of Stein, Fidelity America Financial Corporation, hereinafter referred to as "Fidelity," seeks to recover the amount of $432.00 which Revere admitted in its answer of July 14, 1964, in the Superior Court action, as its indebtedness to Stein. The assignment was made by Stein to Fidelity sub-

sequent to May 8, 1964. The writ brought by Leipman against Stein was dated May 7, 1964, and Revere was served as Trustee on May 8, 1964. According to the agreed facts, Revere received notice of the assignment by Stein to Fidelity subsequent to May 8, 1964. On these facts the court abated the action of Fidelity against Revere. Being aggrieved by the ruling of the court, Fidelity brings this report.

There was no error. Nothing in this report indicates that Revere had any knowledge of the assignment to Fidelity of its debt to Stein prior to the attachment. In the absence of such notice the prior attachment by Leipman secures his right to look to Revere for the satisfaction of any claim he might establish against Stein.

Counsel for the plaintiff has argued that the court acted wrongfully in vacating an order of dismissal entered under Superior Court Rule 85 on June 5, 1969. This motion was filed by counsel for Mark Leipman on January 26, 1970 and was allowed. There was nothing improper in vacating the order of dismissal. An order of dismissal may be vacated at any time within a year of the recording of such judgment. *Karrick* v. *Wetmore,* 210 Mass. 578. The trustee having been charged on August 17, 1970, stands acquitted of all claims which the defendant Stein had against him. G.L. c. 246, § 43. The writ brought in the case of *Leipman* v. *Stein* was dated May 7, 1964. Revere was served as Trustee on May 8, 1964. According

to the agreed facts Revere received notice of the assignment by Stein to Fidelity subsequent to May 8, 1964. It is apparent that the attachment of the funds in the hands of Revere by Leipman conferred on Leipman a prior and superior right to this fund. *Wood* v. *Partridge,* 11 Mass. 188.

In consideration of the above the vacating of the order of dismissal of June 5, 1969 was warranted, and the charging of the Trustee, Revere, served to liquidate the obligation of Revere to Stein. When the writ was brought aginst Revere in the Municipal Court of the City of Boston, the assignee of Stein had no enforceable claim against Revere.

There was no error in sustaining the Plea in Abatement. **Report dismissed.**

J. HALLER RAMSEY
    for the Plaintiff

KENNETH C. CUMMINS
    for the Defendants