JOHN MARSCH *vs.* SOUTHERN NEW ENGLAND RAILROAD CORPORATION.

Suffolk.   October 23, 1919. — March 25, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Discontinuance, Motion to vacate judgment. *Judgment. Words,* "Trial."

The plaintiff, in an action of contract in which no declaration in set-off has been filed and which has not been referred to an auditor, has a right to discontinue his action at any time before trial.

*It seems* that, since the enactment of St. 1914, c. 576, § 1, the opening of an action for a trial upon the merits before an auditor, or before a judge where no jury has been claimed, or before a jury fixes the time after which the plaintiff cannot discontinue his action as a matter of right.

An amended declaration in an action of contract contained two counts, the first being upon a contract in writing and the second upon an account annexed for labor and materials performed and furnished under the contract in writing. The defendant filed a general answer to the second count and a motion to strike out certain portions of the first count. The motion having been allowed and the case reported to this court under R. L. c. 173, § 105, this court, treating the motion as a special demurrer to the first count, allowed it. Thereafter, without notice to the defendant and without leave of court, the plaintiff discontinued his action. *Held,* that he had a right so to discontinue at that time.

After the discontinuance in the circumstances above described, judgment was entered for the defendant for costs. The defendant, alleging that the plaintiff had brought an action for the same cause in a federal court, moved under R. L. c. 193, § 14, that the judgment be vacated. The motion was denied, and the defendant appealed. *Held,* that the order denying the motion must be affirmed.

CONTRACT, with a declaration in two counts, the first count being upon a contract in writing for the construction of a railroad from Palmer to a point in Blackstone adjoining the State line of Rhode Island, and the second count being upon an account an-

nexed containing two hundred and forty-nine items (the first item having two hundred and twenty-four subdivisions) for $1,319,-327.88 for labor and materials performed and furnished. Writ dated November 25, 1916.

The defendant demurred to the first count of the declaration and filed an answer to the count upon the account annexed.

The plaintiff then filed a motion asking leave to strike out the first count and to substitute therefor an amended first count; and his motion was granted, leave being reserved to the defendant to demur or plead within twenty days.

Thereafter the defendant moved to strike out parts of the amended first count. This motion was denied, together with similar motions in actions against other railroad corporations upon the same contract, and, the ruling being reported to this court for determination, the decision was rendered which is reported in 230 Mass. 483.

After rescript, the plaintiff filed a discontinuance and on the following Monday judgment was entered for the defendant for $270.06, costs of suit. Seventeen days thereafter, the defendant moved to vacate the judgment and to strike out the plaintiff's discontinuance. The motion was denied by *Chase,* J., and the defendant appealed.

*F. P. Garland,* (*A. Leonard* with him,) for the defendant.

*L. Withington,* for the plaintiff.

BRALEY, J. "A final judgment may be set aside on an appeal seasonably taken for the correction of errors of law apparent on the face of the record, or by a petition to vacate a judgment, or by a writ of review . . . or by a writ of error, if there are grounds for any of these proceedings." R. L. c. 193, §§ 1-9, 15-18, 21-37. *Davis* v. *National Life Ins. Co.* 187 Mass. 468, 469. But under R. L. c. 193, § 14, a judgment also may be vacated upon motion in writing of the prevailing party, filed in the case within three months thereafter if the execution has not been satisfied in whole or in part. It is under this section that the defendant seasonably moved to vacate the judgment in its favor on which an execution could issue only for costs. The motion is analogous to a petition for review, the granting of which depends very largely upon the discretion of the court. *Boston* v. *Robbins,* 116 Mass. 313, 314. *Hastings* v. *Parker,* 168 Mass. 445. *Hunt* v. *Simester,* 223 Mass.

489. The defendant having asked for no specific rulings and having appealed only from the denial of the motion, the question is, whether as matter of law the order was erroneous.

It was decided when this case was first before us, *Marsch* v. *Southern New England Railroad,* 230 Mass. 483, that each of the seven specifications of the defendant's motion to strike out certain portions of the first count of the declaration which rested on the contract, a copy of which was annexed, should be considered as special demurrers, and the rescript directed that the motion to strike out should be allowed and the demurrers severally sustained. But no order was made that judgment for the defendant should be entered, nor did the defendant ever move for judgment. The declaration contained a second count on an account annexed to which the defendant filed a general answer, and it was held that this count was sufficient as matter of pleading to enable the plaintiff to recover for work and labor performed under the contract, but not to exceed the contract price. The plaintiff, however, after rescript filed a general discontinuance, and judgment thereon for the defendant was subsequently entered. The defendant alleges that, the plaintiff having brought a second action of contract in the "District Court of the United States, District of Massachusetts, . . . alleging substantially identical breaches of the same contract . . . it is of the utmost importance . . . that it appear from the docket of this court . . . [that] the issues raised . . . and decided by said opinion and rescript, be terminated thereby, and not by a later discontinuance, in order that the defendant may not be hectored and harassed by further litigation of matters already finally determined in its favor." And "that said . . . judgment . . . upon said general discontinuance be vacated by the court in the exercise of its discretion because entered without notice to the defendant" or of the "discontinuance of which the defendant had no notice prior to said entry of judgment," and that "said . . . general discontinuance be stricken from the files of the court," because the discontinuance and judgment were "without authority in law."

While the only finding of fact of the judge is that the allegation that a second action had been brought is true, we assume from the record that the defendant had no notice of the discontinuance until after the entry of judgment.

A plaintiff "cannot discontinue in equity after a decree or other proceeding whereby the defendant's situation has been materially changed, so that he has acquired rights which did not exist or which had not been determined when the suit was brought, and which render it equitable that these rights should be fully secured by further proceedings in the case." *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 301. *Kyle* v. *Reynolds,* 211 Mass. 110. *Lumiansky* v. *Tessier,* 213 Mass. 182, 190. *Keown* v. *Keown,* 231 Mass. 404.

It was settled under our practice previous to the enactment of St. 1914, c. 576, § 1, which is not applicable to the facts of the present case, that where no declaration in set-off has been filed under R. L. c. 174, § 8, a plaintiff has the right at law voluntarily to become nonsuit at any time before trial, but after the trial has begun he cannot become nonsuit except by permission, and at the discretion of the court. *Derick* v. *Taylor,* 171 Mass. 444, 445, *Carpenter & Sons Co.* v. *New York, New Haven, & Hartford Railroad,* 184 Mass. 98, *Bothwell* v. *Boston Elevated Railway,* 215 Mass. 467, 475, and cases there collected. And "trial" means "The examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue." *Commonwealth* v. *Soderquest,* 183 Mass. 199, 201. The opening of the case to the jury or to the court, if a jury has not been called for, fixes the time after which a plaintiff cannot discontinue as matter of right. It also is wholly immaterial whether the opening is followed by a full or partial trial. *Locke* v. *Wood,* 16 Mass. 317. *Means* v. *Welles,* 12 Met. 356, 361. *Lowell* v. *Merrimack Manuf. Co.* 11 Gray, 382. *Shaw* v. *Boland,* 15 Gray, 571, 572. *Truro* v. *Atkins,* 122 Mass. 418. *Burbank* v. *Woodward,* 124 Mass. 358. *McQuesten* v. *Commonwealth,* 198 Mass. 172, 175. The fact that the defendant may be subject to further litigation does not affect the rule.

If a judgment for the defendant is entered on a general demurrer, which is not rendered on the merits, it is no bar to a subsequent suit for the same cause of action between the parties. *Wilbur* v. *Gilmore,* 21 Pick. 250, 253. *Capaccio* v. *Merrill,* 222 Mass. 308. The first count of the declaration in this action, even after the emendations, contained general and positive allegations that the plaintiff had fully performed the contract, and that the

defendant had refused performance. If issue had been joined by an answer containing a general denial, the defendant could have objected at the trial that the declaration was not supported by the evidence. *Hubbard* v. *Mosely,* 11 Gray, 170. *Montague* v. *Boston & Fairhaven Iron Works,* 97 Mass. 502. But the objection, that if all the remaining allegations were proved no valid cause of action had been stated, could be raised only by a general demurrer. *Batchelder* v. *Batchelder,* 2 Allen, 105. *Thomson* v. *O'Sullivan,* 6 Allen, 303, 304. *Shawmut Mutual Fire Ins. Co.* v. *Stevens,* 9 Allen, 332, 334. *Carnig* v. *Carr,* 167 Mass. 544, 548. The motion to strike out, moreover, when treated as a special demurrer, applied only to parts of one form of statement of the plaintiff's case. If the plaintiff finally prevailed the judgment would have been a general judgment, notwithstanding the record as to the first count. *West* v. *Platt,* 127 Mass. 367. *Brown* v. *Woodbury,* 183 Mass. 279. The record showed unsettled questions on which issue had been joined, and there could be only one final judgment. *Leonard* v. *Robbins,* 13 Allen, 217. See *Merchants' Ins. Co. of Providence* v. *Abbott,* 131 Mass. 397, 407; R. L. c. 177, §§ 6, 7. The plaintiff at the date of the nonsuit was under no legal requirement to amend the first count, and the defendant, who had demurred only to certain allegations whereby the plaintiff sought to anticipate the defence of his alleged non-compliance with certain provisions of the contract requiring the certificate of the engineer, was not entitled to judgment, unless the merits of the entire controversy, which still remained for trial, were determined in its favor. R. L. c. 173, §§ 13, 14, 17. *Hobson* v. *Satterlee,* 163 Mass. 402. *Cummings* v. *Ayer,* 188 Mass. 292. *Capaccio* v. *Merrill,* 222 Mass. 308.

We are of opinion, for the reasons stated, that no reversible error has been shown.

*Order denying motion affirmed.*