Anne **ARMSTRONG, et al., Plaintiffs,**

v.

**CARLYLE CONSTRUCTION CO., INC., Defendant.**

**Civ. A. No. 81–2469–MC.**

United States District Court, D. Massachusetts.

Feb. 25, 1982.

William H. Shaughnessy, Boston, Mass., for plaintiffs.

David D. Dowd, Curley & Curley, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This action came on to be heard on the motion to dismiss brought by the defendant, Carlyle Construction Co., Inc., for failure to state a claim upon which relief can be granted. Defendant contends that the claims of the plaintiffs are barred by the statute of limitations applicable to actions of this type.

The claims of the plaintiffs, Anne Armstrong and her five minor children, arise out of an incident which occurred on March 10, 1971. On that date, David Armstrong, the husband and father of the plaintiffs, was seriously injured in a construction accident while employed by the defendant. The plaintiffs contend that the accident occurred as a direct result of the negligence of the defendant. This action has been brought by Anne Armstrong seeking recovery on her own behalf for alleged negligent infliction of emotional distress and loss of consortium and on behalf of her five minor children for their loss of parental society. The complaint was filed on September 28, 1981.

## LOSS OF CONSORTIUM CLAIM

In *Diaz v. Eli Lilly & Co.*, 364 Mass. 153, 302 N.E.2d 555 (1973), the Supreme Judicial Court of Massachusetts recognized a cause of action for loss of consortium due to physical injury to a spouse. The Supreme Judicial Court, however, limited retroactive application of that decision. It stated,

> As a matter of sound administration and fairness, however, we declare that where the claim for physical injuries has been concluded by judgment or settlement or the running of the statute of limitations prior to the coming down of this opinion, no action for loss of consortium thereafter instituted arising from the same incident will be allowed, even if that action would not be otherwise barred by limitations.

*Id.*, 364 Mass. at 167, 303 N.E.2d at 564.

The injuries to David Armstrong occurred on March 10, 1971. The applicable statute of limitations, M.G.L. c. 260 § 2A, was two years. That time period expired on March 10, 1973, approximately seven months before the decision in *Diaz*, thus barring Anne Armstrong's claim. It is immaterial that claims for loss of consortium were not applied against an employer until the decision in *Ferriter v. Daniel O'Con-*

*nell's Sons, Inc.*, —— Mass. ——, 413 N.E.2d 690 (1980). Although a claim for loss of consortium had not been recognized in suits against employers prior to *Ferriter*, the plaintiff's cause of action existed and plaintiff was barred from bringing such a claim, not by the fact that it had not been recognized, but rather by the ruling in *Diaz* limiting the retroactive application of the Supreme Judicial Court's recognition of claims for loss of consortium. Anne Armstrong's claim for loss of consortium is barred, therefore, by the running of the statute of limitations on her husband's claims.

## LOSS OF PARENTAL SOCIETY CLAIM

■ The claims of the Armstrong children for loss of parental society are barred by the *Ferriter* decision. Citing its earlier decision in *Diaz*, The Supreme Judicial Court stated,

For reasons similar to those expressed in *Diaz*, we declare that, where a spouse's claim for loss of consortium has been concluded by judgment or settlement or the running of limitations before this opinion comes down, no child's action for loss of parental society thereafter instituted and arising from the same incident will be allowed, even if that action would not otherwise be barred by limitations.

—— Mass. at ——, 413 N.E.2d at 686 n. 12. Since Mrs. Armstrong's loss of consortium claim was barred by the running of the limitations period and since the claims of the Armstrong children arise out of the same incident, the children are precluded from bringing their claim for loss of parental society.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

In *Dziokonski v. Babineau*, 375 Mass. 555, 380 N.E.2d 1295 (1978), the Supreme Judicial Court held that "allegations concerning a parent who sustains substantial physical harm as a result of severe mental distress over some peril or harm to his minor child caused by the defendant's negligence state a claim for which relief may be granted, where the parent either witnesses the acci-

dent or soon comes on the scene while the child is still there". *Id.* at 380 N.E.2d 1302. In *Ferriter*, 413 N.E.2d at 697, the Supreme Judicial Court extended the principles set out in *Dziokonski* to cover the situation in this case where a spouse who first saw her husband's injuries in a hospital soon after the accident allegedly suffers physical injury as a result of the severe emotional distress over those injuries suffered by her husband.

■ Mrs. Armstrong's claim is, however, barred by the running of the limitations period. That claim arose in 1971 when the plaintiff suffered the emotional trauma and resulting physical injury, not when such a cause of action was first recognized by the Supreme Judicial Court, nor when the plaintiff first learned from her counsel that such a cause of action could be brought. Absent a specific grant by the Supreme Judicial Court of retroactive application of the decision recognizing a right to recovery against an employer for negligent infliction of emotional distress, that recognition will not be applied retroactively by this court. When the Supreme Judicial Court wanted to grant retroactive application of its decisions establishing rights to recovery for loss of consortium and loss of parental society, it did so by specific language in its opinions. *Diaz*, 364 Mass. at 167, 303 N.E.2d at 564, and *Ferriter*, 413 N.E.2d 696 n. 12. Since whatever claims Mr. Armstrong may have had for his physical injuries are barred by the running of the statute of limitations and since Mrs. Armstrong's claim for negligent infliction of emotional distress arises from the same incident *in 1971*, this action comes too late.

For the foregoing reasons, the motion to dismiss must be and is hereby allowed.