LUCY ZAMPELL *vs.* CONSOLIDATED FREIGHTWAYS CORP. March 1, 1983. Although three years had run since William Zampell, the husband of the plaintiff, suffered an injury which she attributes to the negligence of William's employer, the plaintiff asks that the bar of the statute of limitations (G.L. c. 260, § 2A) be lifted for the reason that her action for emotional distress and loss of consortium was inherently unknowable until the court articulated such a cause of action in *Ferriter* v. *Daniel O'Connell's Sons,* 381 Mass. 507 (1980). The same argument was advanced and rejected in *Armstrong* v. *Carlyle Constr. Co.,* 532 F.Supp. 939, 940-941 (D. Mass. 1982), which we follow. See also *Diaz* v. *Eli Lilly & Co.,* 364 Mass. 153, 167 (1973). Cf. *Ferriter* v. *Daniel O'Connell's Sons,* 381 Mass. at 516 n.12.

In *Diaz* and *Ferriter* the court was at some pains to declare that actions under the principles there announced would not be allowed as to claims concluded by the running of the statute of limitations prior to the dates upon which the opinions came down. It surely follows that a claim such as the one at bar, which had not yet been cut off by the statute of limitations on September 9, 1980, when *Ferriter* came down, and could have been brought before the three-year limitations period expired on February 21, 1981, would not be entitled to a greater right. Contrast *Gill* v. *Northshore Radiological Associates,* 10 Mass. App. Ct. 885, 886 (1980).

In instances in which the statute of limitations has been tolled because a wrong was inherently unknowable, it has been the harm which has lain concealed from the plaintiff, either by the nature of the harm, e.g., a latent construction defect, or by active concealment of the harm by the defendant. Facts were unknown, not legal theories. See, e.g., *Friedman* v. *Jablonski,* 371 Mass. 482, 484-486 (1976); *White* v. *Peabody Constr. Co.,* 386 Mass. 121, 123 (1982); *Olsen* v. *Bell Tel. Labs., Inc.,* 388 Mass. 171, 174-175 (1983); *Mansfield* v. *GAF Corp.,* 5 Mass. App. Ct. 551, 553-555 (1977). See also, *Salinsky* v. *Perma-Home Corp., ante* 193, 197-198 (1983). None of those cases deals with a failure of a plaintiff to know of the legal basis of a claim.

*Judgment affirmed.*

*William H. Shaughnessy* for the plaintiff.
*Charles W. Ferris, Jr.,* for the defendant.