JOHN JOSEPH BURKE & others[1] *vs.* ATLANTIC RESEARCH
CORPORATION & another[2]
(and a companion case[3]).

Suffolk.  June 12, 1984. — August 29, 1984.

Present: ARMSTRONG, DREBEN, & WARNER, JJ.

*Husband and Wife,* Consortium. *Parent and Child,* Companionship and
society. *Limitations, Statute of. Workmen's.Compensation Act,* Jurisdic-
tion of Superior Court, Settlement agreement. *Words,* "Trial."

Where a wife's tort claims arising from injuries sustained by her husband in
    the course of his employment were barred by the statute of limitations
    at the time of the Supreme Judicial Court's decision in *Ferriter* v. *Daniel
    O'Connell's Sons,* 381 Mass. 507 (1980), the claims of the couple's
    children for loss of parental society were also barred. [498]
In an action by a workmen's compensation insurer against a third party
    whose negligence was alleged to have caused the injuries of the employee
    in question, in which a settlement agreement was arrived at by the parties
    before trial and was approved by a Superior Court judge following a
    hearing held solely for the purpose of reviewing the merits of the agree-
    ment, the settlement agreement required the approval of the Industrial
    Accident Board, rather than of the judge, inasmuch as the agreement
    was not made "during a trial" within the meaning of G. L. c. 152, § 15.
    [498-501]

TORT. Writ in the Superior Court dated July 23, 1969.

A motion to vacate judgment and a motion for reconsidera-
tion of a motion to intervene were heard by *Linscott,* J.

CIVIL ACTION commenced in the Superior Court Department
on June 15, 1983.

A motion to dismiss was heard by *Steadman,* J.

[1] Mary Teresa Burke and Ann Francis Burke.

[2] Louis Pasqualucci & Sons, Inc.

[3] Hartford Accident and Indemnity Company *vs.* Atlantic Research Cor-
poration.

*Carol Petsko Orme-Johnson* for John Joseph Burke & others.

*Philip J. Foley* for Louis Pasqualucci & Sons, Inc., & another.

*John F. Finnerty* for Atlantic Research Corporation.

DREBEN, J. Two cases consolidated in this court for purposes of argument arise out of a June 26, 1968, injury to an employee who has been receiving worker's compensation since that date.

1. One action was brought in 1983 by the children of the employee for loss of parental society and was dismissed on motions of the defendants, the employer and a third party, on the authority of *Ferriter* v. *Daniel O'Connell's Sons,* 381 Mass. 507, 516 n.12 (1980). Footnote 12 of that case states that "where a spouse's claim for loss of consortium has been concluded by . . . the running of limitations before [the opinion in *Ferriter*] . . . , no child's action for loss of parental society thereafter instituted and arising from the same incident will be allowed, even if that action would not otherwise be barred by limitations." The wife's claim was barred after June, 1970, under G. L. c. 260, § 2A, prior to its amendment by St. 1973, c. 777, § 1. The plaintiffs' claims must, therefore, also fail. *Gore* v. *Daniel O'Connell's Sons,* 17 Mass. App. Ct. 645, 649-650 (1984). See also *Armstrong* v. *Carlyle Constr. Co.,* 532 F.Supp. 939, 941 (D. Mass. 1982); *Diaz* v. *Eli Lilly & Co.,* 364 Mass. 153, 167 (1973). We find no merit in the argument that *Ferriter* applies only to children who were minors when the injury occurred but who became adults before *Ferriter* was decided.

2. The second action was brought by the employer's insurer, originally in the name of the employee, against a third party, Atlantic Research Corporation, whose negligence, it was alleged, caused the employee's injuries. After many procedural skirmishes, including an attempt by the employee to remove the insurer's attorney on the ground of conflict of interest, see *Burke* v. *Atlantic Research Corp.,* 358 Mass. 764 (1971), and unsuccessful efforts by the employee's wife to intervene once on her own behalf and again on behalf of herself and her children, the insurer and the third party arrived at a settlement for

which they sought judicial approval. In 1983, at a hearing held solely for the purpose of reviewing the merits of the agreement, a Superior Court judge approved the settlement.[4] A judgment entered awarding the insurer $60,000, an amount less than the sums which had at that time already been paid to the employee.

The employee's wife appeals in two capacities and on different grounds. Her first claim (that she should have been allowed to intervene on behalf of herself and her children after the time permitted under G. L. c. 260, § 2A) needs no discussion, as it is precluded by part 1 of this opinion and by *Ferriter* and *Diaz*.

As guardian of the employee,[5] his wife also urges that the judge did not have jurisdiction to approve the settlement because that function, under c. 152, § 15, belongs to the Industrial Accident Board (board). The language of that section, as in effect at the time of the employee's injury, leads us to conclude that the judge should have given the board an opportunity "to apply its expertise to the statutory scheme." *Assuncao's Case,* 372 Mass. 6, 9 (1977).

The applicable statute is G. L. c. 152, § 15, as in effect prior to St. 1971, c. 888, § 1 (see § 2). Section 15 permitted the insurer, if the employee elected to be compensated under c. 152, to enforce the liability, if any, of a person other than the insured and to retain from the sum recovered the amounts paid by it to the employee, with four fifths of the excess going to the employee. The statute also provided: "Except in the case of a settlement by agreement by the parties to, and *during a trial* of, such an action at law, no settlement by agreement shall be made with such other person without the approval of the industrial accident board after an opportunity has been afforded both the insurer and the employee to be heard on the merits of the settlement and on the amount, if any, to which the insurer is entitled out of such settlement by way of reimbursement . . . . In the case of a settlement by agreement by the

---

[4] Approval of the same settlement had also been sought in 1980, and a hearing confined to issues concerning settlement was held before a different judge. He denied approval without prejudice.

[5] In 1980 the wife was appointed guardian of her husband, a mentally ill person.

parties to, and *during a trial of, such an action* at law the justice presiding *at the trial* shall have . . . all the powers hereinbefore granted to the industrial accident board. An employee shall not be held to have exercised his option under this section to proceed at law if, at any time *prior to trial of an action at law* brought" against the third person he shall discontinue such action (emphasis supplied).

We think the employee's position that the settlement in this case was not made "during a trial" and that the judge was not "presiding at" such trial when he approved the settlement is correct. While it may be argued with some plausibility that the term "trial" in the first quoted portion of the statute is ambiguous, see *Globe Newspaper Co.* v. *Superior Court,* 379 Mass. 846, 851, vacated and remanded on other grounds, 449 U.S. 894 (1980), *S.C.,* 383 Mass. 838 (1981), rev'd on other grounds, 457 U.S. 596 (1982), the term "trial" in the context used in the last quoted sentence has a definite meaning.

Prior to the adoption of the Massachusetts Rules of Civil Procedure (see now Mass.R.Civ.P. 41[a], 365 Mass. 803 [1974], and Reporters' Notes thereto, Mass. Ann. Laws, Rules of Civil Procedure at 187 [1982]), a plaintiff could discontinue an action at law "as of right at any time before the trial." *Carpenter & Sons* v. *New York, N.H. & H. R.R.,* 184 Mass. 98, 100 (1903). *Marsch* v. *Southern New England R.R.,* 235 Mass. 304, 307 (1920). *Burnham* v. *MacWhinnie,* 350 Mass. 17, 18-19 (1965), *S.C.,* 352 Mass. 466 (1967). As pointed out in *Marsch* v. *Southern New England R.R.,* 235 Mass. at 307, "trial" in this context meant " '[t]he examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue.'. . . The opening of the case to the jury or to the court, if a jury has not been called for, fixes the time after which a plaintiff cannot discontinue as matter of right."

This established meaning of the term "trial" in the portion of the statute which permits the employee to discontinue his action "at any time prior to trial" lends meaning to the term "trial" used earlier. We see no reason to depart from the ordi-

nary rule that "in the absence of a plain contrary indication, a word used in one part of a statute in a definite sense should be given the same meaning in another part of the same statute." *Plymouth County Nuclear Information Comm., Inc.* v. *Energy Facilities Siting Council,* 374 Mass. 236, 240 (1978). The settlement occurred prior to any "examination" of "the facts put in issue" in the action and thus was not made "during a trial."

Nor does the reconstructed transcript agreed to by the parties convert the hearings before the judge into a "trial." The transcript indicates that the insurer and the third party were prepared to empanel a jury and make opening statements before reading the agreement into the record. Had that been done, the board's approval would nevertheless have been required.[6] The statutory exception is directed to a situation where, "during a trial" of the issues of fact, the parties arrive at a settlement. If that occurs, the presiding judge, instead of the board, is authorized to approve the settlement. The agreement reached here long preceded any trial and does not fall within the statutory exception. We hold, therefore, that the judge should not have entered judgment without approval of the settlement by the board. See generally *Murphy* v. *Administrator of the Div. of Personnel Admn.,* 377 Mass. 217, 221 (1979).

The judgment is vacated in case No. 83-691, and an order is to enter staying proceedings in that case pending action of the board. The dismissal of the action in case No. 83-1328 is affirmed.

*So ordered.*

---

[6] Counsel for the insured took the position that the hearing was not a trial for the purposes of the statute. The judge indicated that there was no need to empanel a jury.