THE HARTFORD ACCIDENT AND INDEMNITY COMPANY *vs.* ATLANTIC RESEARCH CORPORATION. August 8, 1985. *Workmen's Compensation Act,* Jurisdiction of Superior Court, Settlement agreement. *Words,* "Trial."

In this case, which is before us for further appellate review, we are asked to decide whether, under G. L. c. 152, § 15,[1] the Superior Court had jurisdiction to approve a settlement in an action by a workers' compensation insurer against the third party allegedly liable for the employee's injuries. The Appeals Court, *Burke* v. *Atlantic Research Corp.*, 18 Mass. App. Ct. 497 (1984), concluded that the settlement was reached prior to rather than during trial and that therefore the Superior Court lacked jurisdiction. We affirm the judgment of the Superior Court.

The third-party action arose out of an industrial accident which occurred on June 26, 1968, and permanently injured one John J. Burke. The plaintiff, The Hartford Accident and Indemnity Company (Hartford), was the compensation insurer of Burke's employer. Burke has received workers' compensation benefits from Hartford since his injury. The defendant, Atlantic Research Corporation (Atlantic), the general contractor on the project where Burke was injured, allegedly caused Burke's injuries.

On May 2, 1980, Mary B. Burke (Mrs. Burke), was appointed guardian for her husband. In November, 1980, Hartford and Atlantic petitioned the Superior Court, pursuant to G. L. c. 152, § 15, for approval of a $60,000 settlement they had reached. Because Burke had already received in excess of that amount in compensation benefits, no part of the proposed settlement would have been paid to him. After a hearing on the petition, the court denied without prejudice approval of the proposed settlement.

In 1983, Hartford and Atlantic again petitioned the court for approval of the same settlement agreement. Mrs. Burke, on behalf of herself and her children, moved to intervene and to amend the original complaint to assert loss of con-

---

[1] The applicable statute is G. L. c. 152, § 15, as in effect prior to St. 1971, c. 888, § 1. The relevant statutory provisions are analyzed in *Burke* v. *Atlantic Research Corp.*, 18 Mass. App. Ct. 497, 499-500 (1984).

sortium and loss of parental society.[2] After a hearing, the judge denied Mrs. Burke's motions and approved the proposed settlement.

On appeal, Mrs. Burke successfully argued before the Appeals Court that the lower court did not have jurisdiction to approve the settlement because it was not reached "during a trial" as mandated by G. L. c. 152, § 15. We granted the joint application of Hartford and Atlantic for further appellate review.

According to G. L. c. 152, § 15, the Industrial Accident Board has authority to approve third-party settlements "[e]xcept in the case of a settlement by agreement by the parties to, and during a trial of, such an action at law." The term "trial," as it appears in the statute, is ambiguous. See *Globe Newspaper Co.* v. *Superior Court,* 379 Mass. 846, 851, vacated and remanded on other grounds, 449 U.S. 894 (1980), *S.C.,* 383 Mass. 838 (1981), rev'd on other grounds, 457 U.S. 596 (1982). In *Marsch* v. *Southern New England R.R.,* 235 Mass. 304, 307 (1920), we defined "trial" as " '[t]he examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue.' . . . The opening of the case to the jury or to the court, if a jury has not been called for, fixes the time after which a plaintiff cannot discontinue as a matter of right" (citation omitted). In this case, a hearing was held to review the merits of the proposed settlement. Counsel for Hartford, for Atlantic, and for Mary Burke, as guardian of John Burke, were heard and testimony was taken from Mary Burke. In these circumstances, we conclude that the "at trial" requirement of G. L. c. 152, § 15, was met. We therefore affirm the judgment of the Superior Court.

*So ordered.*

*Philip J. Foley* for the plaintiff.

*John F. Finnerty, Jr.,* for the defendant.

*Carol Petsko Orme-Johnson,* for Mary B. Burke, intervener, submitted a brief.

---

[2] The dismissal of these claims, on the authority of *Diaz* v. *Eli Lilly & Co.,* 364 Mass. 153, 167 (1973), and *Ferriter* v. *Daniel O'Connell's Sons,* 381 Mass. 507, 516 n.12 (1980), was affirmed by the Appeals Court. *Burke* v. *Atlantic Research Corp., supra* at 498-499. The application of the Burke children for further appellate review was denied.