Doerfer, J.
Plaintiff Jean Palermo (Palermo) has moved for reconsideration of this court’s allowance of summary judgment in favor of defendant John H. Brennan (Brennan), 2 Mass. L. Rptr. No. 24, xxx (October 17, 1994) (Doerfer, J.). Although the present motion raises no new issues, the court will address each of plaintiffs concerns as set forth in her motion.
In paras. 3-4, Palermo states that the court has misconstrued the “reasonable man” standard, applicable under the discovery rule, for when a plaintiff “learns, or reasonably should have learned, that [s]he has been harmed by the defendant’s conduct.” Riley v. Presnell, 409 Mass. 239, 243 (1991), quoting Franklin v. Albert, 381 Mass. 611, 619 (1980). The reasonable person standard is irrelevant here. The question of when Palermo should have known of her harm is not reached, since the record is replete with admissions that she in fact knew she had been harmed by Brennan well before 1989. See citations to record, Memorandum of Decision and Order on Defendant’s Motion for Summary Judgment, id.[1] Riley is distinguishable because there was no evidence presented in that case, as there was here, that the plaintiff had made any causal connection between the defendant’s conduct and his harm.
In paras. 6-9, Palermo reiterates that a genuine issue of material fact is raised by the question of when “discovery of the cause of action” took place. Motion for Reconsideration, at 4. Although the shorthand term “discovery of the cause of action" is frequently used when referring to the discovery rule, it is not necessary, as Palermo argues, that a plaintiff literally *498 be aware that she has legal recourse, in order for the statute of limitations to begin running. Zampell v. Consolidated Freightways Corp., 15 Mass.App.Ct. 954 (1983), and cases cited. The discovery rule merely requires that the plaintiff have “(1) knowledge or sufficient notice that she was harmed and (2) knowledge or sufficient notice of what the cause of the harm was.” Riley v. Presnell, 409 Mass. 239, 243 (1991), quoting Bowen v. Eli Lilly & Co., 408 Mass. 204, 208 (1990). The court “do(es) not require that a plaintiff have notice of a breach of duty." Id. Palermo’s insistence that she did not realize Brennan’s treatment was “bad” or “awful” until 1989, paras. 6-7,9, and that until that time she characterized her sexual relationship with Brennan as “an affair,” and “did not believe Dr. Brennan had acted unethically or unprofessionally in his treatment of her,” para. 8, is beside the point. Such allegations go only to the question of breach of duty, and not to the discovery of harm or causation.
Further, Palermo’s affidavit, stating that she made the causal link between Brennan’s conduct and her harm in 1989, is of no help to her. The affidavit cannot be used to contradict admissions made in depositions and answers to interrogatories, which “make it altogether plain,” O’Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905, 906 (1993), that she had made the causal connection at a much earlier date. See citations to record, Memorandum of Decision and Order on Defendant’s Motion for Summary Judgment, at 4-5 (Doerfer, J., July 28, 1994). As discussed above, Palermo’s reading newspaper articles on therapist-patient sexual abuse and her meetings with a support group primarily helped her to understand that Brennan had breached a duty toward her. Insofar as Palermo claims that these events helped her to understand her harm, it must be said that they helped her only to understand the full extent of her harm; however, a cause of action accrues well before a plaintiff understands the full extent or nature of her injury. Riley v. Presnell, 409 Mass. 239, 243 (1991), citing Olsen v. Bell Telephone Laboratories, Inc., 388 Mass. 171, 175 (1983). For purposes of the discovery rule, the amount of harm that Palermo admits she understood, well before 1989, had been caused by Brennan, is enough to begin the running of the statute of limitations. Any conclusoiy statement to the contrary by means of affidavit is a legal conclusion, and does not create an issue of fact.
Finally, in paras. 10-14, Palermo asserts that the affidavits and testimony of Susan Shapiro and other experts demonstrate that a reasonable person in Palermo’s position could not have understood that she had been harmed by Brennan’s conduct. As discussed above, these opinions are irrelevant since the court makes no decision as to whether Palermo should have known of her harm, but holds that, as per her own admissions, she did understand that she had been harmed by Brennan’s conduct well before 1989.
ORDER
For the foregoing reasons, the plaintiffs motion for reconsideration is hereby DENIED.

 Palermo argues that these statements were taken out of context. Motion for Reconsideration, at paras. 15-16. The court had before it the complete deposition testimony and answers to interrogatories at the time of its decision.