Wrenn, Daniel M., J.
The plaintiff, Janet Chalifoux is the record owner of property located at 6 Olde Main Street in Spencer, Massachusetts while the plaintiff Spencer Furniture, Inc. operates a retail furniture store at the property which business has been an ongoing concern since 1960 with the present registered agent and director of the corporation being Janet Chalifoux.
The plaintiffs property is located on a former state highway, that being Route 9, which state highway was discontinued in 1975 and abandoned by the state to the Town of Spencer. Thereafter the state’s obligations to maintain that former state highway fell on the Town of Spencer.
On October 14, 2005, after a period of significant and unusually heavy rain, a large sink hole measuring twenty-five by forty-five feet appeared in the front parking lot of Spencer Furniture.
At the time of the sink hole’s appearance it was located exclusively on the plaintiffs’ property and appeared suddenly and unexpectedly.
Thereafter, the plaintiffs engaged BC Engineering & Survey, Inc. to repair the sink hole. The engineering firm was engaged on December 4, 2006 and thereafter conducted an investigation into the cause of the sink hole. In furtherance of that investigation the engineering firm conducted a topographic and photographic survey on January 13, 2007 and determined that the plaintiffs’ existing box culvert had failed. The plaintiffs thereafter filed a notice of intent with the Spencer Conservation Commission in order to repair the culvert with the Massachusetts Department of Environmental Protection, ultimately issuing an order of conditions on December 28, 2007, so as to allow for repair work to move forward.
The work to repair the culvert began on August 3, 2009.
*361 Once the work to repair the culvert began it was determined that a piece of corrugated piping was the cause of the sink hole that formed on the plaintiffs’ property. Specifically, the state in putting in place a drainage system and diversion of water from a brook placed a piece of corrugated metal piping on the highway property which piping continued on and into the plaintiffs’ property. In addition, it is agreed that the piping was not depicted on any map, survey or other written document evidencing the culvert or the subject drainage system at any time in its history and that the first notice that the Town or the plaintiffs had of the existence of this metal corrugated piping was subsequent to the August 3, 2009 repair work.
In addition, the corrugated piping which was in place at the property on the day of the sink hole was in fact in place at the time in 1975 when the old Route 9 highway property was abandoned by the state and taken over in terms of ownership, maintenance and control by the defendant, Town of Spencer. In addition, the corrugated piping was also in place and existing as was the culvert when the property was bought by the plaintiffs, however the plaintiffs were unaware of the circumstance of the existence of the culvert or the corrugated piping on the date of the sink hole. The culvert’s purpose was to cany water across the plaintiffs’ property from Muzzy Brook which runs downhill on the left side of Olde Main Street, cuts under the street and across the property.
The culvert was constructed with non-traditional building materials such as railroad ties, fifty-five gallon drums filled with cement and other non-traditional type materials which materials are not currently used for culvert construction and are not up to current code.
The plaintiffs, in a three-count complaint, have brought the present action against the Town of Spencer alleging a cause of action at Count I based on negligence; at Count II based on nuisance; and at Count III based on trespass. The case has been the subject of active litigation and the defendant now brings the present motion for summary judgment, in total, asserting that based on the undisputed facts the Town is entitled to summary judgment as to all three counts of the plaintiffs’ complaint based on a variety of legal positions set forth in the defendant’s motion and accompanying memoranda. The plaintiffs have opposed the motion asserting that there are genuine issues of material fact and that the defendant is not entitled to judgment as a matter of law on any of the stated three counts of the plaintiffs’ complaint.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). It is the moving party’s burden to affirmatively demonstrate the absence of a triable issue and that the summary judgment record entitled him to a judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991).
When reviewing a summary judgment record the court must credit well-pled facts in the light most favorable to the non-moving party. Williams v. Hartman, 413 Mass. 398, 401 (1992). However, mere assertions of inferences raise no genuine issues of material fact so as to defeat a motion for summary judgment. Federal Deposit Ins. Corp. v. Csongor, 391 Mass. 737 (1984). Additionally, neither vague allegations and/or conclusoiy statements nor assertions of inferences not based on underlying facts will suffice to demonstrate genuine triable issues on motions for summary judgment. First National Bank of Boston v. Slade, 379 Mass. 243, 248 (1979). In this regard, a dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving parly. Anderson v. Liberty Lobby, Inc., 477 U.S. 243, 248 (1986). In considering a motion for summary judgment the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. Jupin v. Kask, 447 Mass. 141, 143 (2006).
STATUTE OF LIMITATIONS
The defendant contends that it is entitled to judgment as a matter of law because the plaintiffs’ claims in Counts I, II and III are time barred. The three-year Statute of Limitations applicable to torts applies to all three counts of the plaintiffs’ complaint. In this regard, once the defendant shows that the cause of action was brought more than three years from the date of the injury, the burden shifts to the plaintiff to prove facts that take the case outside the impact of the Statute of Limitations. O’Connor v. Redstone, 452 Mass. 537 (2008); Riley v. Presnell, 409 Mass. 239 (1991). To survive the motion for summary judgment the plaintiffs must demonstrate a reasonable expectation of proving that their claim was timely filed. Koev v. Mercier, 450 Mass. 97 (2007).
In general a cause of action based in tort begins to accrue when the injury occurs or in the case of an inherently unknowable injury when a reasonable person would have discovered that he had been harmed by the defendant’s actions. Doe v. Harbor Schools, Inc., 446 Mass. 245, 254 (2006). For purposes of the discovery rule it is the facts underlying the claim that must be inherently unknowable, not the fact of breach of duty or the legal theory for the cause of action. Gore v. Daniel O’Connell Sons, Inc., 17 Mass.App.Ct. 645, 647 (1984). Cases presenting such inherently unknowable harm typically involve either a latent defect *362 or active concealment. Zampell v. Consolidated Freightways Corp., 15 Mass.App.Ct. 954 (1983).
Under the discovery rule the Statute of Limitations starts when the plaintiff discovers or reasonably should have discovered that he has been harmed or may have been harmed by the defendant’s conduct. Riley v. Presnell, 409 Mass. 239, 245 (1991). The reasonable person standard is an objective standard of a reasonable person who has been subjected to the conduct which forms the basis of the plaintiffs complaint. Id. Generally the question whether a plaintiff in a particular position knew or should have known of the defendant’s wrongful conduct is for the fact finder. See, Doe v. Creighton, 439 Mass. 281, 283-84 (2003).
In the present action the defendant puts forth a straight forward argument that the sink hole appeared on October 14, 2005 and the cause of action was not filed until May 6, 2010. The plaintiffs in response to that allegation have put forth factual issues which issues are set forth above. In essence, the plaintiffs say that while the sink hole appeared in 2005 there was nothing about the appearance of the sink hole that would have put the plaintiffs on notice of a potential set of facts that would give rise to a cause of action against the Town of Spencer. The plaintiffs further assert that it was not until August of2009 when it was determined that the piece of corrugated piping was the culprit in terms of the creation of the sink hole that the plaintiffs had sufficient information to put them on notice of a potential claim against the defendant sufficient that the Statute of Limitations was tolled from the October 2005 date up through and including the August 2009 date.
While this issue presents a close issue for the court and the defendant makes a compelling argument the facts alleged by the plaintiffs and contained within the summary judgment materials are such that a factual issue is created whereby the issue raised by the plaintiffs as to when a reasonable person would have had sufficient factual knowledge such as to begin the running of the applicable Statute of Limitations is an issue of fact that shall be determined by the fact-finding jury in this matter. Thus the plaintiffs’ motion for summary judgment based on the Statute of Limitations argument is DENIED.
COUNT I AND COUNT II NEGLIGENCE AND NUISANCE
The plaintiffs in pursuing Count I and Count II present a negligence cause of action and a nuisance cause of action based on the status of the defendants as the owners of the corrugated pipe by virtue of their having succeeded to ownership by virtue of the state action in 1975 of first abandoning the old Route 9 property and thereby presenting the property to Spencer for ownership and management thereafter. That status is one that is agreed to by the parties in the summary judgment record and accordingly, subsequent to 1975, it is the defendant Town of Spencer who had the maintenance obligation for the subject property and in particular the drainage, culvert and corrugated piping.
The plaintiffs further allege that the Town was deficient in meeting this duty and that that deficiency is what ultimately resulted in the sink hole which is the property damage that is the subject of the plaintiffs’ claim.
The summary judgment record, which record is an extensive presentation by the parties, creates genuine issues of material fact on both the negligence claim and the nuisance claim such that the defendant is not entitled to judgment as a matter of law, but instead the factual issues presented are ones which must be resolved by the trier of fact in this matter. Thus, the defendant’s motion for summary judgment as to Count I and Count II of the plaintiffs’ complaint is DENIED.
DISCRETIONARY FUNCTION
The Town of Spencer, pursuant to Mass. G.L.c. 258, §1 is only subject to suit in accordance with the procedural and substantive provisions of the above-cited act. Specifically, Mass. G.L.c. 258, § 10(b) bars any claim against a public employer based on the exercise or performance of a discretionary function. The court has developed a two-prong test to decide whether a tort action such as a nuisance and/or negligence claim are foreclosed by the discretionary function exemption. Harry Stoller & Co. v. City of Lowell 412 Mass. 139 (1992). The test is first whether the Town had any discretion as to the course of conduct to be followed and second, if the Town had discretion whether the discretion was geared towards policy making. Ku v. Town of Framingham, 62 Mass.App.Ct. 271 (2004). The issues raised in the present case, as many of the issues raised in these type of analysis, present an area where there undoubtedly is discretion involved regarding the type of maintenance involved in a Town’s obligation to maintain a highway and/or roadway in accordance with its ownership interest. However, when the particular conduct which caused the injury is one characterized by a high degree of discretion and judgment involved in weighing all alternatives and making choices with respect to public policy and planning, then governmental entities should remain immune from liability. Whitney v. Worcester, 373 Mass. 208, 218 (1977).
In the present case the Town of Spencer did not install the piece of corrugated piping since according to the summary judgment record and in particular, the information from the engineering firm retained by the plaintiff, the corrugated piping was most likely put in place during the time that the state owned the properly when it was known as Old Route 9. In fact, the Town of Spencer, according to the evidence subjectively did not know that the pipe existed and accordingly, conducted no maintenance and/or inspection on the subject property, including the steel corrugated pipe. *363 Thus, the present case falls in line with the case of Greenwood v. Eastern, 444 Mass. 467 (2005), since the defendant in this case was not involved in any type of discretionary decision making, but instead did no maintenance on the subject corrugated steel pipe. In addition, the summary judgment record on this particular subject matter is not particularly well developed. However, based on the summary judgment record the defendant has not demonstrated that it is entitled to a judgment as a matter of law based on the discretionary function exemption as articulated in Mass. G.L.c. 258, § 10(b).
TRESPASS
The final issue presented by the defendant’s motion relates to Count III of the plaintiffs’ complaint wherein the plaintiffs raise a cause of action based on trespass. The court adopts the positions as set forth by the defendant in their memorandum in support of the motion for summary judgment at pages sixteen through seventeen and allows the defendant’s motion insofar as Count III of the plaintiffs’ complaint is concerned.
In addition, the cause of action raised by the plaintiffs in Count III of the complaint is described by the plaintiffs in their opposition as really a “negligent trespass” claim. See, pages fifteen through seventeen of the plaintiffs’ memoranda in opposition to the defendant’s motion for summary judgment. Thus, insofar as Count III is seeking a monetary award for the property damage arising out of the sink hole, Count III is duplicative of the causes of action raised in Counts I and II and really present an issue of negligence and/or nuisance, rather than trespass. The plaintiffs in their opposition, as well as at oral argument, have argued a broader proposition for the trespass count namely that the corrugated steel pipe still remains in place, thereby trespassing on the plaintiffs’ property. That issue is not the subject of the original complaint in this matter which fairly read is a claim for recoveiy for the property damage monies associated with the sink hole. Thus, as this “trespass” is a continuing issue the plaintiffs have the ability to file a separate lawsuit and/or claim to pursue that status issue regarding the present location of the corrugated steel pipe.
CONCLUSION
Based on the above court findings and analysis the defendant’s motion for summary judgment is DENIED in part and ALLOWED in part. Specifically, the motion for summary judgment which seeks to dismiss Count I and Count II of the plaintiffs’ complaint is DENIED. Defendant’s motion for summary judgment which seeks to dismiss Count III of the plaintiffs’ complaint is ALLOWED and the plaintiffs’ complaint at Count III is herewith DISMISSED.